# FREDERICK MEYER

## *v.*

## CHRISTIAN TEMME, Guardian, etc.

1. GUARDIAN—*suit against, for board and clothing of ward.* A testator gave to his widow, by his will, money and the rents and profits of land, in lieu of dower, incumbered with the provision that she should maintain and support his children. She renounced the provisions of the will, and had dower assigned, married again, and, with her second husband, resided upon the land set off to her for her dower: *Held,* in a suit by the second husband against the guardian of the children, for their board and clothing, that he was in no way bound or affected by the will or the relinquishment of the widow, and was not thereby precluded from maintaining his suit.

2. SAME—*may set off labor of ward against claim for board and clothing.* In a suit against a guardian for board and clothing furnished his wards, he may prove that the wards have worked for the plaintiff, and the value thereof, and set it off against his claim, but the jury can not take into consideration any labor that such wards may do for the plaintiff in the future, and for the court to instruct them that they may, is error.

3. STEP-FATHER—*right to pay for support of step-children.* When a man marries a widow with children, if he assumes the relation of father to the children, and, as such, provides them with board and clothing, and, in turn, has their labor, and has no contract with their guardian, he can not recover for the support thus furnished.

4. But if, at any time, he had a contract with their guardian in regard to the keeping of the wards, he would be entitled to recover on that contract; or if, at any time, he should refuse longer to keep the children without compensation, and should so notify their guardian, and the guardian should neglect or refuse to provide a place for them, or make a contract with the step-father in regard to compensation, then he would be entitled to recover reasonable pay for the keeping after such notice, deducting the value of their services.

5. INSTRUCTIONS—*even if erroneous, will not ordinarily reverse, unless all given appear in the record.* This court will not ordinarily reverse on account of erroneous instructions, unless the record contains all those given, but where the instructions given contain errors that could not be cured by others, it may be proper to reverse on account of erroneous instructions, although all that were given are not in the record.

APPEAL from the Circuit Court of Washington county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. WATTS & FORMAN, for the appellant.

Mr. S. L. BRYAN, and Mr. J. M. ROUNTREE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by appellant against appellee, as guardian of certain wards, to recover for their boarding and clothing.

The jury rendered a verdict against appellant, and the court overruled a motion for a new trial and entered judgment upon the verdict.

It appears, from the record, that, in 1865, Herman H. Hemminghaus died testate, leaving a widow and six children. A certain farm owned by the testator, in Washington county, was devised to the two older children. The widow, however, was to have the rents and profits of the farm until these children arrived at the age of 21 years. The will also contained a clause as follows:

"My said wife, Sophia Dorotha, shall maintain, support and educate my minor children out of the income, rents and profits of the farm left to her, until the majority of my son, John Frederick, shall be of age, as above stated, free of any charges for the support of the said minors."

About three months after the death of the testator, appellant married the widow of the deceased, who was then residing on the farm with the four minor children. The widow renounced the provisions of the will, and had dower assigned her out of the lands. Appellant, after his marriage, took up his residence upon the farm, and has resided there ever since, the four minor children remaining with him as a part of the family. The boarding and clothing of the four minor children has been provided by appellant, and he has had their labor, such as children of their age were able to perform.

Appellant has had the use and benefit of that part of the farm assigned to his wife as dower. That portion of the land set off to the children of deceased has been cultivated by appel-

lant, he having leased it from the guardian of the children, and paid rent therefor.

It is insisted by appellant that the court gave improper instructions for appellee, the 7th and 9th of which read as follows:

" 7th.   That if the children's father, in his will, provided that their mother should have the rents and profits of the farm, for the purpose of rearing the children, and, afterwards, the widow renounced her rights under the will, then the will, as to her, became void, and she could not sue, nor can the plaintiff."

" 9th.   That, in making up a verdict, the jury should set off against the plaintiff the value of services that the children have rendered, now render, and may render if they remain with the plaintiff."

We are aware of no principle upon which these instructions can be sustained.

The 7th instruction, as given, was conclusive of the case, and the jury could not render a verdict other than for appellee.

As we understand the will, $1000 and the rents and profits of the land, until a specified time, were devised to the widow, incumbered with the provision that she should support and maintain the children, in lieu of dower.   When she renounced the provisions of the will, it became, as to her, inoperative and void; and in so far as she was concerned, she occupied the same position as if no will had ever been executed; and even if she had supported the children, and brought the suit, the provisions of the will and relinquishment alone would not have barred a right of action.   But in this case appellant is a stranger to the will.   He is in no manner bound or affected by the will or the relinquishment of the widow.   It was, therefore, error to give the 7th instruction.

The 9th instruction authorized the jury to set off against appellant's account, not only the value of the services that the children had rendered, but the value of services they might in the future render.

It would be a very unsafe way to administer justice, to allow a defendant, under a plea of set-off, to prove that the plaintiff would, or might at some future time, be indebted to him, and we know of no rule by which it can be done.

It was eminently proper for the defendant to prove that his wards had labored for appellant, and the value of such service, and it was proper for the court to instruct the jury that such labor was a proper set-off against appellant's claim, but the action of the court in going further than this can not be sustained.

While we will not ordinarily reverse on account of erroneous instructions, unless the record contains all those given, yet, where the instructions given contain errors that could not be cured by others, then it may be proper to reverse on account of erroneous instructions, although all that are given are not in the record. Such is this case.

The law involved in this case is plain and free from difficulty. If appellant, when he married the widow of the deceased, and commenced to reside upon the farm, assumed the relation of father to these children, and, as such, provided them with board and clothing, and, in turn, had their labor, and had no contract with their guardian in relation thereto, then he can not recover while the children were thus supported.

If, on the other hand, in the first instance, he assumed the relation of father to the children, without any contract or understanding that he should be paid, while he can not recover pay while they were thus kept, yet, there being no legal duty or liability resting upon appellant to keep them any longer than he saw proper, if at any time he had a contract with the guardian in regard to the keeping, this was competent evidence to go to the jury, to show appellant's relation as father towards them had ceased. Or if, at any time, appellant refused longer to keep the children without compensation, and so notified their guardian, and the guardian neglected or refused to provide a place for them, or make a contract with appellant in regard to compensation, then he would be entitled

37—72D ILL.

to recover reasonable pay for the keeping after such notice, after deducting the value of their services.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*