# N. Y. COMMON PLEAS.

PAULINE HOPFENSACK agt. WILLIAM HOPFENSACK, ERNST HOPFENSACK, SUSANNAH D. HOPFENSACK and LOUIS W. HRABA.

*Receiver's fees — to be paid out of the fund in his hands irrespective of the results of the litigation.*

There is no question as to the right of the court to award to the receiver compensation out of the fund which he holds, even though the title to that fund be found to have been from the first and to be now in the defendants. The receiver's compensation cannot be made to depend upon the result of the litigation.

He is the officer of the court who takes property, the right to which is involved in dispute, and by order of the court holds it for the benefit of the party who shall ultimately be found to be entitled to it. Although it may sometimes happen, that by the unfounded claim of a plaintiff, the rightful owner of property is deprived temporarily of the possession of it, and that when he gets it back it is encumbered with the charges of the receiver to whom the court has given the care of it pending the litigation; yet great as may be the misfortune to the owner he must bear the loss unless he can obtain redress from the party on whose application the receiver was appointed.

Where the appellants were defendants charged with having property belonging to the co-partnership, to which they got no title because of the fraudulent character of the transfer to them, and the court by its receiver took the disputed property into its custody to abide the determination of the action, there being no other fund from which the receiver's legal fees and expenses are payable, he is entitled to them out of the fund in his hands, *i. e.*, the property in dispute, no matter to which of the parties to the action possession of such property has been adjudged.

*General Term, November*, 1880.

APPEAL by defendants Ernst Hopfensack and Louis W. Heaba from an order of the special term directing, among other things, that the appellants deliver to the receiver herein the property of which they dispossessed the receiver on the 11th

day of September, 1879, and that the fees, allowances and dues of the receiver be paid out of such property.

Pauline Hopfensack, plaintiff, and William Hopfensack, one of the defendants, had been copartners. She claimed that he fraudulently conveyed the copartnership stock to the other two defendants, these appellants.

In this action for a dissolution and accounting, and for the appointment of a receiver, the appellants were joined as defendants in order to dispose of their title or claim to the property so conveyed. A receiver of that copartnership property was appointed *pendente lite* on plaintiff's motion; he took the property in dispute from these appellants at their place of business.

The appellants petitioned the court to be examined *pro interesse suo*, and to have the property restored.

They were so examined, but their application for restoration of the property was denied and the issues in the action were referred. The referee determined that the sale of the copartnership stock to the appellants was valid, and found on the other issues in favor of defendants, and judgment was accordingly entered.

Appellants thereupon again petitioned the court·that the receiver deliver the property to them, and the court ordered a reference to pass the receiver's accounts. Appellants, pending the reference, took the property from the receiver's possession. After, the referee reported (on September 19, 1879) on the accounts of the receiver (allowing him $353.23, commissions and expenses), the latter applied for an attachment against the appellants for their act in taking the property from his possession. As appellants denied that the property seized by the receiver was that of which he was appointed custodian, it was again referred to ascertain the facts.

The referee reported on February 18, 1880, that all the property taken by the receiver was the property which it was intended by said orders he should take possession of.

The plaintiff and the defendant, William Hopfensack, carried on for many years the business of manufacturing pocket-

books and other leather goods, at 711 Broadway in the city of New York, under the firm name of Hopfensack & Co. On the 4th of January, 1879, while the plaintiff was attending to her sick husband at her residence in Eighty-fifth street, she learned that the defendant, William Hopfensack, who for several months prior thereto, had been in the sole possession and charge of the copartnership property, was about to transfer the same to his mother and brother. She thereupon went to the place of business, where she found that all the stock of manufactured and unmanufactured goods had been removed and transferred by the defendant, William Hopfensack, to the defendant, Susannah D. Hopfensack, his mother, and the fixtures and the rest of the property to Ernst Hopfensack, his brother. The defendant, Ernst Hopfensack, transferred the property to the defendant, Hraba, who was a working man employed by Hopfensack & Co., and who afterward pretended to carry on the business. But from the time of the transfer to his mother and brother up to the present, the defendant, William Hopfensack, remained in the possession of the business, and gave direction about the same as he had done while the business was carried on by the firm of Hopfensack & Co. An action was brought to dissolve the copartnership and for an accounting, and also to declare certain transfers of the copartnership property by said defendant, William Hopfensack, to the other defendants, his mother, his brother and their working man, to be fraudulent and void, and though it was brought in the name of the plaintiff, it was really brought for the benefit of the creditors. The plaintiff alleged that these transfers were the result of a conspiracy, and were made for the purpose of cheating her, as well as some of the creditors of the firm, and were therefore void. On the 13th day of May, 1879, by an order duly made and entered in said action, a receiver was appointed "of all the property and assets of the copartnership firm of Hopfensack & Co.," then "at 85 Nassau street, to which it had been removed from said 711 Broadway." The receiver

duly qualified, and on the 26th day of May, 1879, entered into and took possession of all said property at 85 Nassau street. While in possession of said property as such receiver under said order, and on the 30th day of May, 1879, a copy of said order as resettled on May 29, 1879, by said court was duly served upon the receiver, which order was identical with the original order, except that the recitation in the original order "that the said property had been removed from No. 711 Broadway to No. 85 Nassau street" was omitted in the resettled order. Afterwards, and during the pendency of the action, such proceedings were had therein in said court, on the application of the defendants Ernst Hopfensack and Louis W. Hraba, that the receiver was required to show cause why the undertaking filed by him should not be increased and for other relief, and to show cause why the property in receiver's hands should not be delivered up to the defendants Ernst Hopfensack and Louis W. Hraba, upon which the court made an order of reference for the examination of Ernst and Louis touching their interest in the premises, and upon the coming in of the report of the referee, the court refused to grant said application, and refused to direct the increase of receiver's undertaking, and refused to order the delivery of any of said property to said Ernst and Louis, but did refer said case to Alfred Erbe, Esq., to hear and determine the issue in said action. On or about August 20, 1879, the referee filed his report wherein he found as a conclusion of law that the complaint in said action be dismissed on the merits, with costs, and directed judgment to be entered accordingly, which was duly entered. Afterwards, on the petition of Louis W. Hraba and Ernst Hopfensack, two of the defendants, an order was granted requiring the receiver on the twenty-fifth day of August to show cause why he, as such receiver, should not deliver over to the petitioners certain property claimed by them and in possession of said receiver, a motion being also pending on the part of the defendant that the receiver be discharged. It was ordered by the said court, by an order

dated August 26, 1879, that Sidney J. Cowen be appointed referee to pass the accounts of the receiver and report such allowances for his fees, commissions and expenses, as in his opinion would be lawful and proper, and report the same to the court. That thereupon and on the twenty-sixth day of August, the attorney of the defendants noticed a hearing before the referee for August 28, 1879. The hearing was adjourned to September first, on which day it was progressed with and adjourned to September eighth, on which day it was further progressed and adjourned to September fifteenth. On the ninth day of September, on a motion in said action in said court, on the part of William Hopfensack, one of the said defendants, for an order directing the receiver to deliver to said defendant, William Hopfensack, certain of the said property in the possession of the receiver, it was by order of said court " ordered that the said motion be and the same hereby is denied, without prejudice, however, to said defendant renewing the same upon payment of costs allowed the plaintiff on an order in said action of May 13, 1879, appointing the receiver. During the 11th day of September, 1879, the defendant, William Hopfensack, broke into the premises wherein the property in the receiver's possession was kept, and took possession of the whole of said property except only the books of account and three promissory notes, which were still in the possession of the receiver. The receiver went to the premises and demanded of Louis W. Hraba and William Hopfensack, possession of the same, which was refused. On the 11th day of September, 1879, Louis W. Hraba and William Hopfensack, without leave of the court, commenced an action in the superior court by the service of a summons and complaint against the receiver individually for trespass, in taking possession of the property he had seized as receiver, laying their damages at $6,000. The receiver applied to the court to restrain this action and to attach the defendants for contempt. On the hearing of this motion on the nineteenth day of September, the following opinion was rendered: