THE CHICAGO CITY RAILWAY COMPANY

v.

ELIZABETH VAN VLECK.

| 40 | 367 |
| 44 | 409 |
| 40 | 367 |
| 46 | 496 |
| 143s | 480 |
| 40 | 367 |
| 60 | 403 |
| 60 | 470 |
| 40 | 367 |
| 69 | 675 |
| 40 | 367 |
| 75 | 445 |
| 40 | 367 |
| 77 | 557 |
| 40 | 367 |
| 91 | 558 |

*Street Railroads—Negligence—Personal Injuries—Practice.*

1.   In personal injury cases, the questions of the plaintiff's care and the defendant's negligence are for the jury to determine.

2.   In presenting questions of error on the admission or rejection of evidence, it is not proper to group various questions, and ask this court to pass upon them to ascertain if any of them are erroneous.

3.   Where error is assigned upon the refusal of instructions, failure to argue the same in the brief must be looked upon as abandonment of the error.

4.   This court will not reverse a case on the ground of improper arguments of counsel, unless it is apparent that the same affected the result of the trial.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. W. J. HYNES and C. M. HARDY, for appellant.

Messrs. JAMES LANE ALLEN and EDMUND FURTHMANN, for appellee.

MORAN, P. J.   This action was brought to recover for injuries alleged to have been received by a cable car of appellant colliding with an Adams street horse car, on which appellee was riding.

The case was bitterly contested on all the issues of fact, and the record is very voluminous, the abstract containing 465 printed pages.   It was contended by appellant that the injury which appellee claims to have received in this accident had been received by her years before, and that her claim of injury in this case was fraudulent.   There was evidence on behalf of appellee which supported her contention on every material issue of fact raised, and though on some of those

issues there was a close conflict, no such case is presented by the record as warrants interference with the verdict of the jury where no error of law has intervened.

The question of the plaintiff's care and the defendant's negligence were questions for the jury to determine, and the court would have erred had it granted appellant's motion to instruct the jury to find for the defendant.

Counsel states in his brief that "exceptions to the admissibility of evidence were taken as follows," and then follows an enumeration of a vast number of exceptions, counsel making no attempt to show by explanation or argument or specification how the exceptions mentioned are material, or how the matters excepted to injuriously affected appellant.

Several pages of objections and exceptions are practically pitchforked in before the court, with the implied invitation that we look them over, examine the abstract, find out the connection in which each particular question arose, search out the materiality of evidence excluded, ascertain for ourselves the injurious operation or tendency of answers permitted, and say on the whole whether upon some one or more of the exceptions the verdict should not be overturned.

We decline to enter upon the consideration of alleged errors thus bundled upon us. C., R. I. & P. R. R. Co. v. Moffit, 75 Ill. 525.

Error is assigned that the court refused proper instructions asked by appellant, but the error is barely mentioned, and not at all argued in the brief. Such course is to be regarded as abandonment of the error.

There is complaint of the conduct of counsel for plaintiff on the trial in the court below, and many cases are cited by counsel in support of his contention on this point. We have considered the remarks of counsel excepted to, and while in some of the instances specified there may be ground for just criticism, we are of opinion that we should not be justified in reversing the judgment for any error of that nature which occurred.

The trial was a long and heated one, a large number of witnesses were examined and many arguments made on differ-

ent questions by counsel. The Supreme Court has seldom, if ever, reversed a case on the ground of improper arguments of counsel alone. The question is a difficult one for a reviewing court to deal with. No doubt flagrant instances of impropriety of this nature call for interference by the court, where the court can see that the improper speech or conduct of counsel must have affected the result of the trial. We are unable to say, from a consideration of this matter as it appears in this case, that it had such effect.

On review of all the questions which the method in which the case is presented requires us to consider, we are of opinion that there is no error available to appellant which will operate to reverse this judgment, and the same will therefore be affirmed.

*Judgment affirmed.*