CATHARINE M. HEISE

v.

CHARLES STARR ET AL.

*Creditors' Bills—Receivers—Practice.*

1. The place to seek redress for the acts of a receiver, who is claimed to be a trespasser for acting under the directions of a given court, is not before the same tribunal.

2. This court will not look through the details of an account to see if it contains incorrect items; the party desiring to take advantage of them, must point them out.

Heise v. Starr.

3. This court should not be asked to pass upon general objections to the final report of a receiver; the items objected to should be specified.

4. When a judgment creditor's bill is filed, generally it is the duty of the court to require the judgment debtor to deliver to a receiver all property in his possession, not exempt by statute. If third persons claim, they may present their claims to the court, or apply for leave to sue the receiver.

5. If the property remains in the hands of the receiver, his expenses in taking care of it are a charge upon it regardless of ownership.

6. Where a receiver paid out money for expenses not directed by a previous order of the court, the subsequent sanction by the court will not prevent a review of the charges.

[Opinion filed May 24, 1892.]

IN ERROR to the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. PAGE, ELIEL & ROSENTHAL, for plaintiff in error.

Mr. C. M. HARDY, for defendant in error St. Clair Sutherland.

GARY, J. On the 25th day of March, 1887, Charles Starr and Frank Duckett, by the same solicitor, each filed in the Superior Court a judgment creditor's bill against William Heise. The record is rather ambiguous, but it would seem that subsequent proceedings, which are complained of upon this writ of error, were in both causes, as if they were consolidated.

April 29, 1887, St. Clair Sutherland was appointed receiver of the property of Heise. May 4, 1887, Eliza Madeline Wilson, who is since dead, and of whose will the plaintiff in error is executrix, filed a petition claiming that the property in the possession of the receiver was hers, and the truth of that claim was afterward established; but before that was done the receiver, under the order of the court, had sold the property. The proceeds have been mainly consumed in expenses, and the plaintiff in error is now seeking some compensation for her property. It is probable that the original complainants are pecuniarily unable to give her that compensation, if she had a decree

against them for it. She therefore turns upon the receiver and sums up her claim against him in these concluding words of her brief:

"The receiver had taken property, not the judgment debtor's, but of an innocent third party. Under the guise of his receivership that property was wholly lost. Could equity, which had so far prevented the owner from obtaining her own, at the last, when by its own decree the court acknowledged its error and lack of jurisdiction, do less than order restitution of that which had been wrongfully taken?"

The points leading to that conclusion are:

"1. There was error in appointing a receiver in the first instance.

2. The creditors had a complete remedy at law.

3. There was error in not removing the receiver upon the petition of the intervening petitioner.

4. Has no title, but is an argument that the receiver is responsible as a trespasser.

5. The court erred in allowing the reports and accounts of the receiver.

6. The court erred in denying the intervening petitioner any relief against the receiver for the sacrifice of her property."

If the receiver was a trespasser, the place to seek redress was not before the tribunal under whose orders he acted. No precedent can be found where a court punished obedience. The whole matter, except point 5, resolves itself into a claim that such a precedent shall be made, and all that is said under point 5 is, "this was but aiding in the absorption of the property, to which the receiver had in the first instance no right. Again, the expenditures allowed the receiver were largely in excess of the limit first fixed by the court, largely in excess of what they ought to have been, and should not have been allowed." Under such general words of objection a court will not look through details of an account; the party must do the work of picking out wrong items, if there be any.

Even the abstract only contains two lines and a fraction

referring to "objections" and "further objections" to the "final report of receiver," filling, as the marginal paging shows, eight pages of the record, without at all specifying any objections to any item. Chicago City Ry. Co. v. Van Vleck, 40 Ill. App. 367.

That a practice, much too loose, by which property is sacrificed and owners much wronged, does often obtain and needs a check, we are ready to acknowledge, and whenever a cause is so presented that we can do so, we are ready to do our part toward stopping it. Heffron v. Rice, 40 Ill. App. 244.

When a judgment creditor's bill is filed, generally it is the duty of the court to require the judgment debtor to deliver to a receiver all property in his possession, not exempt by statute. If third persons claim, they may present their claims to the court, or apply for leave to sue the receiver.

If the property remains in the hands of the receiver, his expenses in taking care of it are a charge upon it, regardless of ownership. Hopfensack v. Hopfensack, 61 How. Pr. Rep. 498.

"When it becomes the duty of a court of equity to take property under its own charge, through a receiver, the property becomes chargeable with the necessary expense incurred in taking care of and saving it, including the allowance to the receiver for his services." Beckwith v. Carroll, 56 Ala. 12, cited in Beach on Receivers, Sec. 771; High on Receivers, Sec. 796; 2 Dan. Chy. 1753.

Had the receiver paid out money for expenses not directed by a previous order of the court, the subsequent sanction by the court would not prevent a review of the charges. Heffron v. Rice, 40 Ill. App. 244. But no such charges, if any there be, are brought to our notice.

Whether the plaintiff in error be entitled to any redress against the original complainants, is a question not raised on this record.

No error appears and the decree is affirmed.

*Decree affirmed.*