PHILIP LUDWIG, BY NEXT FRIEND, ETC.,

v.

THE L. C. HUCK MALTING COMPANY.

*Appeal and Error—Negligence of Master—Defective Ladder—Injury to Employe—Master and Servant.*

In an action brought to recover damages for injuries to a minor servant, alleged to have occurred through the negligence of his employer, this court declines to interfere with the judgment for the defendant, alleged errors of the trial court being set out in a general, not a particular manner.

[Opinion filed December 14, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Mr. E. P. Langworthy, for appellant.

Messrs. Winston & Meagher, for appellee.

Mr. Justice Shepard.   This was an action to recover damages for an injury received by appellant, who was a minor and an employe of appellee as an oiler and general helper in its malt house, while engaged in the performance of his duty under the direction of the foreman, or boss, of appellee, because of a broken and defective ladder furnished to him and necessarily used by him in the act of oiling machinery. The jury found against the plaintiff (appellant) and the court gave judgment for the defendant. On the trial plaintiff (appellant) asked no instructions, nor did he preserve any exceptions to the admission or rejection of testimony.

The only exception shown in the abstract is one to the overruling by the court of his motion for a new trial, but he fails to point out wherein, in any particular, there was error in such action of the court.

In his brief, appellant insists that the court below erred, "First, in its instruction to the jury; second, in overruling appellant's motion for a new trial."

But he again neglects to point out wherein, in any essential, such alleged error consists, and is contented to cite a large list of authorities in support of general propositions of law, to the correctness of which we assent, applicable to cases of defective tools, machinery, etc., and the duty of employes to their servants, in respect to the condition of machinery, etc., furnished for use in their business, without any attempt to show their applicability to the facts of his case.

This is not a proper mode of raising questions for review

in this court. In the language of the Supreme Court in C., R. I. & P. R. R. Co. v. Moffitt, 75 Ill. 524, "Counsel operate a drag net, but ask the court to do the sorting;" and as said in C. C. Ry. Co. v. Van Vleck, 40 Ill. App. 367, wherein the last mentioned case is cited as authority, "We decline to enter upon the consideration of alleged errors thus bundled upon us."

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*