Hooven, Owens & Rentschler Co. v. Burdette.

## Hooven, Owens & Rentschler Co. v. Burdette.

1. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*Priority of Payment.*—In the administration of an insolvent estate, it is proper to place the indebtedness incurred by the assignee, and his proper charges as assignee, paramount to the claims of lien holders and general creditors of the insolvent corporation.

2. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*Acquiescence in Continuance of Business.*—Where the assignee of an insolvent estate continued business under orders of court, which were known to and acquiesced in by all the lien holders and other creditors, the fair presumption is that the business was continued by the assignee under said orders, with their consent and approval.

3. ASSIGNEE—*Charges and Expenses—Priority.*—Where an assignee of an insolvent estate carried on the business under an order of court, with the acquiesence of the creditors, *it was held*, that under such circumstances, the court might properly order that the funds in the hands of the assignee should be applied in the first instance to the payment of the assignee's charges, and to indebtedness incurred by the assignee.

4. INSOLVENT ESTATES—*Priority of Lien, etc.*—An assignee, under the insolvent act, takes no greater rights as against the vendors of property than his assignor, the vendee, had. The only creditor who can attack a lien, valid as between the parties to the purchase and sale, is one who has acquired some lien on, or interest in, the property. Contracts of purchase and sale between the insolvent corporation, vendee, and the vendors, valid as between the parties, are enforceable against the assignee, and the court might properly preserve the liens of the vendors as against all who are mere general creditors.

Memorandum.—Assignment. In the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Appeal from an order direct-

ing priority of payments. Heard in this court at the March term, 1893, and affirmed. Opinion filed May 24, 1893.

The opinion states the case.

REMY & MANN, appellant's attorneys.

TENNEY, CHURCH & COFFEEN, appellee's attorneys.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The first question presented by this appeal is as to the correctness of the order appealed from, in placing the indebtedness incurred by the assignee, and his proper charges as assignee, in the administration of the insolvent estate, ahead of, and paramount to, the claims of lien holders and general creditors of the insolvent corporation.

It seems that the assignee was authorized, by order of the County Court, entered very soon after the assignment was made, to continue the business of the insolvent corporation, and to purchase new material, etc. About a week later the original assignee resigned, and a new one was appointed, and on the same day another order was entered, in substance as follows:

The order recites that it appears to the court that a large number of the creditors of said insolvent had lately met and examined into the affairs of the insolvent, and had concluded that the business ought, for the present, to be continued by the assignee, and that he ought to be allowed to loan to the estate or borrow for the use of said business, such sums of money as may be necessary from time to time to keep up and operate the same, and that having heard the assignee in open court, it is ordered that the assignee be authorized to continue the business as in his own judgment shall be deemed best until the further order of the court, and to advance to the estate or borrow money for the use of the business any such sums as in his judgment may be for the best interests of the estate and the operation and preservation thereof, and to issue receipts or certificates for any sums so used, and that the same shall be paid, with six per cent in-

terest, out of any money which may come into his hands as assignee, and the same shall be a valid and first lien upon any of the property or effects or proceeds thereof belonging to said estate, or which may come into the hands of any assignee; not affecting, however, any equitable or other right or lien now held by any other party.

Acting in pursuance of said order and without objection, to the court, by any of the creditors, the assignee continued the manufacturing business of the insolvent corporation for several months, at a large loss, and finally all the tangible property of the estate was sold.

On the question of distribution of what is left of the estate in the hands of the assignee, which is insufficient to pay the assignee's indebtedness incurred in running the business under the orders of the court, and the liens established by the County Court in favor of certain creditors of the estate, the controversy has arisen.

The lien holders on the one hand claim that the order appealed from is erroneous in subordinating their claims to the assignee's indebtedness and charges; and the general creditors, who otherwise will get nothing, insist that the order is erroneous in giving the lien holders any priority whatever, and that they should be treated as general creditors only.

So far as the record shows, the order under which the assignee continued the business was known to and acquiesced in by all the lien holders and other creditors, and the fair presumption from the recitals therein, and the subsequent proceedings in court, is that the business was continued by the assignee, under said orders, with their consent and approval.

The business was a newly established and extensive manufacturing concern, and it was not an unreasonable hope and expectation on the part of all interested, that if kept as a going concern, more could be made for the creditors, including the lien holders, than if closed down.

It is not claimed that the management of the receiver was not an honest one, or that his expenses of administration of

the estate were unnecessarily large, or were injudicious, except that a loss resulted.

Under such circumstances the court properly ordered that the funds in the hands of the assignee should be applied in the first instance to the payment of the assignee's charges and to the indebtedness incurred by the assignee. Heise v. Starr, 44 Ill. App. 406; High on Receivers (2d edition), Secs. 796, 398c, 398d.

The fact that particular parts of the property conveyed to the assignee by the deed of assignment were covered by liens in favor of certain of the creditors, did not affect the duties of the assignee to those particular pieces of property. The legal title to all the property passed to the assignee, and he was charged with the preservation of it all. The lien holders never obtained from the court any order either granting or denying their petitions filed with reference to the property upon which they claimed liens, but apparently rested content with the reservation of the equitable right or lien of all parties expressed at the conclusion of the order authorizing the receiver to carry on the business. We do not see that such reservation gives them any right to claim exemption from the burdens incident to the execution of that order by the assignees.

The most that can be claimed for it is protection against the lien of certificates which might be issued by the assignee for borrowed money, of which there are none, and the claims of general creditors of the estate, which the order appealed from, protects them against.

The order approving the sale of all the property, entered January 3, 1893, provided that the liens which should be found to exist should be transferred from the property to the fund derived from the sale, but did not operate to enlarge the liens. To just the extent that the property sold was chargeable with the burdens of its preservation and management as a part of the entire property, the fund realized from its sale was chargeable.

The next question is the one that is raised by the general creditors denying the right of the so-called lien-holders to a preference over them. From the record it can hardly be

questioned that as between the insolvent corporation and the lien holders, the latter were entitled to a lien upon the particular properties sold by them to the insolvent.   That being so, it is well settled law that the assignee took no greater rights as against the vendors than his assignor, the vendee, had.   The only creditor who can attack a lien, valid as between the parties to the purchase and sale, is one who has acquired some lien on, or interest in, the property.   There is no such creditor here.   The contracts of purchase and sale between the insolvent corporation, vendee and the vendors, lien holders, were valid as between the parties, and were enforceable against the assignee, and the court properly preserved the liens of the vendors as against all who were mere general creditors.

The order of the County Court should be affirmed.

Waterman, J.

I assent to the affirmance of the order of the County Court, because it does not appear that appellants, before the assignee had incurred the indebtedness by which the estate is substantially devoured, pressed upon and obtained from the court a decision upon their petition for a surrender to them of the goods they had sold in accordance with their equitable claim thereto.

The filing of a petition does not necessarily give a court any knowledge of the contents thereof.   No court can be presumed to be aware of what is contained in papers filed with it, unless its attention is specially directed thereto, and it required to make an order thereon.

When the case shall be presented that a party holding the equitable title to property, claims the same from the assignee of an insolvent debtor, and filing his petition for an enforcement of his equitable rights, the County Court shall deny the same, and the assignee shall seek to have the general expenses of administration, thereafter incurred, charged upon the proceeds of such property, the equitable title to which shall be found to have been in such petitioner, a case will be presented in which the decision in this case will not be, as I understand, authority.