## The People for the use of the National Cash Register Co. v. Murdoch et al.

1. RECEIVER—*Bond—Breach of Condition.*—The fact that a receiver, under an order of court, and without notice in fact, took certain property from the possession of a third person, which the usees had sold to such

person, under an agreement that the title should not pass until they were paid for and sold it, is not a breach of the condition of his bond to "duly account for what shall come to his hands, or control as such receiver, and pay and apply the same from time to time, as he may be directed by the court, and obey such orders as said court may make in relation to said trust, and in all respects faithfully discharge the duties of said trust."

**Memorandum.**—Action of debt upon receiver's bond. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge; presiding. Heard in this court at the March term, 1893, and affirmed. Opinion filed July 6, 1893.

### STATEMENT OF THE CASE.

The National Cash Register Company on the 17th day of March, 1890, sold conditionally, to one John Laurie, seven cash registers, the transaction being evidenced by the usual conditional salesbills, which reserved the title to the said registers in the company, until the completion of all payments due upon the same, duly acknowledged before a justice of the peace of the town where said Laurie resided, and duly recorded in the recorder's office of Cook county. Subsequent to the execution, acknowledgment and recording of said instruments, F. A. Smith was appointed by the Circuit Court of Cook County, receiver of the goods and chattels of the said Laurie, in a suit begun in said Circuit Court after the recording of said conditional salesbills. The receiver, without notice to the company, sold the seven registers, and reported to the court the proceeds of his said sales; his report was approved and he was discharged. After he was discharged as such receiver, the National Cash Register Company learned that their registers had been taken from the possession of Laurie and sold. The receiver gave bond as such, conditioned that he would " in all respects faithfully discharge the duties of said trust," and upon this bond this action is brought.

The defendants below, the appellees here, filed a general demurrer to the declaration, the court sustained it and dismissed the suit, with judgment for costs, against the beneficial plaintiff. Electing to stand by his demurrer he brings the record here for review.

Lynden Evans and Frederick Arnd, attorneys for appellant.

Appellees' Brief, Hofheimer & Zeisler, Attorneys.

Appellees contended that the receiver and his sureties are not liable to an action upon the bond until he has failed to obey some order of the court touching the effects placed in his hands, and the proper practice seems to be, to first apply to the court for a rule upon the receiver to render his account. After the account is adjusted and approved by the court, and the receiver is ordered to pay the money in his hands into court or to the person entitled thereto, failure to comply with such order renders himself and his sureties liable. The receiver and the sureties can not, therefore, be sued upon the bond until the court has adjudicated the question and made some order touching the rights of the parties to the property in his hands. Beach on Receivers, Sec. 186; High on Receivers, Sec. 129; State for the use of Peterson v. Gibson, 21 Ark. 140.

Opinion of the Court, Gary, P. J.

This is an action of debt upon a bond for the discharge of his duties given by a receiver in a chancery suit wherein Simon Ried and Thomas Murdock were complainants and John Laurie was defendant.

The breach assigned is that the receiver sold some registers which the usees had sold to Laurie under an agreement that the title should not pass until they were paid for. What the nature of the chancery suit was, does not appear. It may have been, what our local knowledge leads us to suspect, a judgment creditor's suit. It is a fair inference that when the receiver was appointed the registers were in the possession of Laurie.

As payments were to be made monthly, and nearly three months elapsed after the receiver was appointed before he sold the registers, and as it is not probable that Laurie paid anything during that period, the usees probably knew that Laurie's property was in the hands of a receiver. The

averment that the receiver acted without the consent of, and without notice to the usees, does not negative knowledge by them.

Constructive notice, by record of the interest of the usees, to the receiver, is alleged, but no actual notice. It is consistent with the declaration that the receiver, without notice in fact of the interest of the usees, under the orders of the court appointing him, took from Laurie possession of, and then sold, the property. Such conduct would be no breach of the condition of his bond. That condition is to "duly account for what shall come to his hands or control as such receiver, and pay and apply the same from time to time as he may be directed by said court, and obey such orders as said court may make in relation to said trust, and in all respects faithfully discharge the duties of said trust."

Property in which Laurie had any interest, and in his possession, should be taken by the receiver, and the claims of any person upon it, made to the court appointing him. Beach, Receiver, Sec. 6; High, Receiver, Sec. 163; Heise v. Starr, 44 Ill. App. 406; so in insolvency cases under the statute. Hanchett v. Waterbury, 115 Ill. 220.

The court rightfully sustained the demurrer to the declaration and the judgment is affirmed.

WATERMAN, J.

I do not think that the declaration in this case showed any breach of the conditions of the receiver's bond. I do not understand that anything more than this was decided below or is here.