# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1897.

## Charles Hudson v. F. M. Madison.

1. VERDICTS—*When Not to be Disturbed.*—It is the settled practice of this court not to disturb the verdict of a jury if it is free from any taint of passion, prejudice or partiality.

2. APPELLATE COURT PRACTICE. — *What Questions Can Not be Raised for the First Time, etc.*—The question whether a person suing for medical services rendered is a licensed physician under the laws of Illinois can not be raised for the first time in the Appellate Court.

3. ERROR—*When it Can Not be Assigned.*—When the attention of the trial court was not called to the fact that the plaintiff, suing for medical services rendered, was not a licensed physician, and no ruling was had on the question in such court, error can not be assigned upon it.

4. SAME—*Abandonment of.*—Where a party asks the court to review the instructions given on behalf of his adversary without pointing out any specific objections, such a mode of presenting instructions for review will be regarded as an abandonment of the error. ·

Assumpsit, for medical services. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Verdict and judgment for plaintiff. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898. Rehearing denied June 3, 1898.

PEIRCE & PEIRCE, attorneys for appellant.

A physician practicing in the State of Illinois is required to have a license. R. S. (Starr & Curtis), Vol. 2, page 98, Sec. 1; People v. Arendt, 60 Ill. App. 89.

Hudson v. Madison.

A physician suing for services is required to affirmatively show his compliance with the law that he has a license to practice in the State.  North Chicago Street R. R. Co. v. Cotton, 29 N. E. Rep. 899; 140 Ill. 500.

S. P. ROBINSON, attorney for appellee, contended that, where the question of license, or qualification of a physician, arises collaterally in a civil action between party and party, or between the doctor and one who employs him, then the license, or due qualification under the statute to practice will be presumed.  Williams v. The People, 20 Ill. App. 92; McPherson v. Cheadell, 24 Wend. 15; Thompson v. Sayre, 1 Den. (N. Y.) 175; Pearce v. Whale, 5 Barn. & C. 38.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This suit was brought before a justice of the peace of McLean county by appellee, to recover for medical services rendered by him for appellant under a written contract entered into between the parties.  A judgment was rendered in that court in favor of appellee for $100.  The appellant took the case by appeal to the Circuit Court of McLean County, where there was a trial with a jury, which resulted in a judgment in favor of appellee for $200.  The case comes to this court by appeal to reverse this judgment.

The written contract entered into between the parties and upon which this suit is brought is as follows :

DR. MADISON,

Observatory Block, 214–216 S. Adams St.

SAYBROOK, ILL., June 11, 1895.

ARTICLE OF AGREEMENT.

This is to certify that I agree to pay Dr. F. M. Madison the sum of two hundred dollars, on or before November 1, 1895, on condition that I am cured of piles, from which I am now suffering, by remedies furnished by said Dr. F. M. Madison; and I agree to be treated according to his directions, and to appear for treatment until cured, at Peoria, Ill., at such times as I am notified, commencing August

15, 1895. In case the said Dr. F. M. Madison fails to cure me, or fails to make his appointments without reasonable cause, then this contract is to be void; and in case I fail to appear for treatment without a reasonable cause, then this to be in full force.

To be settled by cash when cured.

CHAS. HUDSON.

It will be observed from the terms of this contract that appellant was to pay appellee the sum of $200 on November 1, 1895, if he were cured of the piles at that date by remedies furnished by appellee. But if he were not at that date, by a subsequent clause in the contract he was to appear for further treatment, until he was cured, or until a reasonable time had elapsed for appellee to effect a cure. The consideration the appellee was to receive for his services did not become due November 1, 1895, unless appellee was cured at that time. The time for payment, and the time to render the services, was to be extended in such case. By the terms of the contract appellant was bound to return to Peoria upon notice. for treatment by appellee, for such time as was reasonably necessary to effect a cure or a cure was effected.

It is claimed on the part of appellee that appellant was cured by his treatment, and by appellant that he was not. There is evidence in the record sustaining each contention. These issues, with the evidence, were submitted to a jury, who found the weight of the evidence was with appellee. In such case it is the settled practice of this court not to disturb the verdict of the jury, if it is free from any taint of passion, prejudice or partiality. It is claimed by appellant that this judgment should be reversed because appellee did not prove that he was at the time he rendered the services sued for, a licensed physician under the laws of the State of Illinois. This objection is urged for the first time in this court. It now comes too late. The attention of the trial court was not called to this question. No ruling was had on this matter, and error can not be assigned on that which the trial court has not ruled and his attention has not been called.

Hudson v. Madison.

Appellant's counsel suggest that the trial court erred in permitting appellee to introduce in evidence a letter written by him to appellant bearing date July 10, 1896, to which he objected. No specific objection is pointed out, why this evidence is not competent. We think there was no error in this ruling.

It is urged by appellant that a "grave error" was committed by the court below in not permitting him to show that the term " piles" used in the contract, was a general term, and applied to many diseases of the rectum. The abstract fails to disclose any such testimony was offered, or objected to, or excluded.

It is also suggested in appellant's brief that "the court below committed many errors in the admitting of evidence, the questions being set forth in abstract fully," without pointing out any specific objections of record. The Supreme and Appellate Courts of this State have animadverted upon this mode of raising questions for review, and characterize it as a "sorting" and "bundling" method. Chicago, R. I. & P. R. R. Co. v. Moffitt, 75 Ill. 524; Chicago C. Ry. Co. v. Van Vleck, 40 Ill. App. 367; Ludwig v. L. C. Huck Malting Co., 46 Ill. App. 494.

We are kindly invited by appellant's counsel " to carefully review each of the instructions that were refused by the court asked on behalf of the appellant," also "to review carefully the instructions given on behalf of appellee, and the modifications that were made to instructions given on behalf of appellant," without pointing out a specific objection to a single instruction. Such a mode of presenting instructions for review must be regarded as an abandonment of the error.

"We decline to enter upon the consideration of the alleged errors thus bundled upon us." Chicago, R. I. & P. R. R. Co. v. Moffitt, supra.

The judgment of the Circuit Court will be affirmed.