## Samuel C. Smiley, Adm'r, v. Jane Scott.

1. ASSIGNMENT OF ERRORS—*Errors Not Argued, Abandoned.*—When several errors are assigned, this court will notice only those relied on in appellant's brief and argument, and consider those not urged as abandoned.

2. ATTORNEYS—*Misconduct in Argument.*—Counsel for plaintiff in his closing argument told the jury that the jury in the County Court had given a verdict for plaintiff of $2,000. *It was held* that the statement was improper, but as the court so stated to counsel in the presence of the jury, and defendant's counsel did not ask the court to do more, it was not reversible error.

Assumpsit, for labor and services. Trial in the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge, presiding. Verdict

and judgment for plaintiff. Appeal by defendant.· Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

## STATEMENT.

In July, 1890, appellee, a maiden lady, then about forty-nine years of age, and a niece of deceased, employed by deceased (who was eighty years of age and a widow, residing alone, afflicted with rheumatism, deafness and other ailments incident to old age), as housekeeper, nurse, and general companion, had for · about three years taken charge of deceased's house and surroundings, doing all the labor out of doors and in the house, and cared for and nursed deceased to her entire satisfaction. For these services deceased paid her $3,000. At the expiration of about three years, by consent of deceased, appellee went to Colorado to nurse and care for a sick sister-in-law, and remained absent about six months, when she returned and resumed the duties she had previously been performing, with such added duties as arose on account of the enfeebled condition of deceased, which rendered her wholly incapable of caring for herself, and who needed care day and night, and these duties appellee performed to the entire satisfaction of her aunt, for the period of about three years after her return, and until the death of Mrs. Foreman in April, 1897.

For these services deceased agreed to give appellee her furnished house in the village of O'Fallon, of the estimated value of $2,000 to $3,000, and deceased executed a deed of the premises to appellee, but did not deliver it, and they were after deceased's death sold by her only heir for $1,600.

Appellee filed her claim for $3,000 against the estate of deceased in the Probate Court of St. Clair County, and after a trial there the case was appealed by the administrator of the estate to the Circuit Court of the county, where appellee recovered a verdict and judgment for $1,500, from which this appeal has been taken.

G. A. KOERNER and VICTOR K. KOERNER, attorneys for appellant.

HAMILL & BORDERS, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

Several errors are assigned but we shall notice only those relied on in appellant's brief and argument, and consider those not urged as abandoned. Chicago City Railway Co. v. Van Vleck, 40 Ill. App. 367; Ludwig v. L. C. Huck Malting Co., 46 Ill. App. 494.

It is insisted that the court erred in refusing to give to the jury the following instruction asked by the defendant, viz: "The court instructs the jury that even though you believe from the evidence the plaintiff performed the services here sued for, in the hope or expectation of becoming one of the beneficiaries under the will of the said Rebecca Foreman, or of becoming one of the subjects of her bounty in any other way, that that fact does not entitle her to recover."

The pleadings are not in writing, and if any claim of the character mentioned in the instruction was made by counsel in opening the case, or in the argument to the jury, counsel for the defendant could, if he conceived his client injured thereby, have easily asked the court to instruct the jury that there was no evidence before them on which a verdict for plaintiff could be predicated, on the ground that plaintiff performed the services for deceased in the hope or expectation of becoming a beneficiary under the will of deceased, or of becoming the subject of her bounty in any other way. No witness testified to any such thing, but defendant made plaintiff his witness, and proved by her that no such thing was talked of or agreed upon, and that the services were not performed with any such expectations. The instruction was properly refused, because there was no evidence on which to base it, and nothing is preserved in the record showing any other reason why it should have been given.

It is insisted that the judgment should be reversed because the verdict is not supported by the evidence and the law applicable to it, for the reason that plaintiff and deceased were living together as a family, and there was no contract,

express or implied, between them, by which plaintiff had any legal right to demand pay for her services, and a number of familiar cases in this State, ending with Meyer v. Temme, Guardian, etc., 72 Ill. 574, are cited in support of the contention. If there was no evidence of an express contract to pay wages, and none from which such contract could be implied, the authorities cited would be in point and conclusive; but there is no lack of evidence to sustain either an express or an implied contract.

Some of appellant's evidence tended to prove the existence of a contract to pay wages, though much less than plaintiff claimed, and if the evidence tending to prove a special contract that deceased was to give plaintiff her furnished home for plaintiff's services, were to be disregarded as incredible, there is abundant evidence that the services were rendered at the request of deceased, who expected to pay the reasonable value of them, and this value is shown, by a preponderance of the evidence, to be greater than the sum found by the jury.

Unless the jury took a different view of the value of plaintiff's services than deceased did, they could not have found a verdict for less than they did.

Finally it is insisted the judgment should be reversed, because counsel for plaintiff in his closing argument told the jury that the jury in the County Court had given a verdict for plaintiff for $2,000. The statement was improper and the court so stated to counsel in the presence of the jury, and defendant's counsel did not ask the court to do more. We do not think the plaintiff received any benefit from the statement, and are of the opinion the judgment should not be reversed because of it, but we are not to be understood as approving such a course even in case of severe provocation.

We find no error in the record requiring a reversal of the judgment, and it is affirmed.