### David M. Kirton v. North Chicago St. R. R. Co.

1. TRESPASS—*Defined.*—Any unlawful act committed with violence to the person of another is a trespass, and one who does an unlawful act, or a lawful act in an unlawful manner, to the injury of another, is liable as a trespasser.

2. SAME—*Liability—Motive Immaterial.*—Where a person is injured and entitled to recover damages, it is immaterial what may have been the motive of the trespasser. Want of malice is not a bar to the right of recovery.

3. SAME—*Where the Action Lies.*—If an unlawful act causes an immediate injury, whether it be intentional or not, trespass lies.

4. SAME—*Where Punitive Damages May be Given.*—The question of whether an act was willful, wanton or malicious relates only to damages and not to the right of recovery. If an act complained of was willful, wanton or malicious the jury is authorized by law to give smart money or punitive damages.

5. SAME—*Where the Actual Damages Only Are to be Given.*—Where an act is not willful, wanton or malicious the jury are not authorized to give smart money or punitive damages, but may give actual damages only.

6. INSTRUCTIONS—*In Action of Trespass.*—An instruction in an action of trespass for assault and battery, which, in effect, says to the jury that although they may believe from the evidence that the act complained of amounted to a trespass, yet the plaintiff can not recover unless such act was willful, wanton or malicious, is erroneous.

7. APPELLATE COURT PRACTICE—*Where the Assignment of Errors is Joint and Not Several.*—The assignment of errors in this case is sufficient to call for an examination of the instructions severally; it must not be understood, however, that this court will examine and consider all the instructions in a case merely upon a general assignment of error without having the alleged errors definitely pointed out in the briefs.

Trespass, for an assault and battery. Error to the Superior Court of Cook County. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed November 8, 1900.

Statement.—This is an action of trespass brought by David M. Kirton against the North Chicago Street Railroad Company for an alleged assault and battery. There have been two trials of this case. Upon the first trial the jury disagreed. Upon the second trial there was a verdict for the defendant. Judgment was duly entered upon that verdict, and to reverse this judgment the plaintiff has brought this writ of error.

The evidence showed that the plaintiff boarded one of the defendant's North Clark street cable cars near the Chamber of Commerce, and rode in it around the "loop" to the corner of Dearborn and Randolph streets, where the incident occurred which forms the basis of this suit.

Plaintiff's theory of the case is that he conducted himself on the car in a quiet and dignified manner; that the conductor told him to sit down or leave the car, whereupon he placed himself in an attitude to alight, when the conductor, without any reason therefor, seized hold of him and pushed him off the car, causing him to fall and break his leg.

Defendant's theory of the case is that the plaintiff was drunk at the time; that he behaved in a very noisy and indecorous manner on the car; that at the corner of Randolph and Dearborn streets he alighted from the car of his own accord, and reached the ground without injury; that the conductor touched him on the shoulder to notify him that he was at the corner, and took hold of his arm to assist him in alighting, but did not pull him off the car or attempt to do so.

BARNUM & BARNUM, attorneys for plaintiff in error; WILLIAM H. BARNUM, of counsel.

JOHN A. ROSE and LOUIS BOISOT, JR., attorneys for defendant in error; W. W. GURLEY, of counsel.

MR. JUSTICE HORTON delivered the opinion of the court. On behalf of plaintiff in error it is contended that the trial court erred in instructing the jury. Instruction number 31

given at the instance of defendant in error is as follows, viz.:

"The court instructs the jury that mere negligence or inadvertence, or want of care, on the part of the defendant, will not sustain the plaintiff's case; and even if the jury believe, from the evidence, that the defendant was guilty of negligence or inadvertence, or want of care, they can not find the defendant guilty unless the plaintiff also shows, by a preponderance of the evidence, the act of the defendant complained of by the plaintiff, was willful, wanton or malicious."

The objection urged to this instruction is that it says to the jury in effect that although they may believe from the evidence that the act of the conductor amounted to trespass, yet that the plaintiff in error could not recover unless such act was "willful, wanton or malicious."

The four counts in the original declaration charge that the act complained of was willful, wanton and malicious. Four additional counts were filed which were the same as the original counts except that instead of charging that the act was "willful, wanton and malicious," the charge is made that such act was "wrongful."

Any unlawful act, committed with violence to the person of another, is trespass. One who does an unlawful act, or a lawful act in an unlawful manner, to the injury of another, is liable as a trespasser.

In such case the person injured may be entitled to recover damages, whatever may have been the trespasser's motive. Want of malice is not a bar to a right to recover. Shanley v. Wells, 71 Ill. 81.

If an unlawful act cause immediate injury, whether it be intentional or not, trespass lies. Guille v. Swan, 19 John. 381; Maye v. Tappan, 23 Cal. 306.

The question of whether the act was willful, wanton or malicious relates only to damages, not to the right to recover. If the act complained of be willful, wanton or malicious, the jury is authorized by law to give smart-money or punitive damages. Donnelly v. Harris, 41 Ill. 129; Hawk v. Ridgeway, 33 Ill. 475; Little v. Munson, 54

Kirton v. North Chicago St. R. R. Co.

Ill. App. 438-9. If the act is not willful, wanton or malicious the jury may not give punitive but may give actual damages. It was error to say to the jury, as this instruction does, in effect, that the plaintiff in error could not, under the declaration in this case, recover actual damages, unless the conductor acted willfully, wantonly or maliciously. The giving of this erroneous instruction may have had a controlling influence with the jury and the judgment must be reversed.

It is urged by counsel for defendant in error that as the assignment of errors is joint and not several, all of the instructions must be bad to sustain such assignment of errors. Many of the instructions are unquestionably good.

Two of the assignments of error are as follows:

" 7th. The court below erred in giving improper instructions to the jury on behalf of the defendant below on the trial of said suit.

8th. The court below erred in overruling the motion of the plaintiff below for a new trial in said suit."

Many cases in other States are cited by counsel for defendant in error which seem to sustain their contention. They also cite several Illinois cases to which we shall refer.

The first is Brewer v. Nat. Un. Bldg. Association, 166 Ill. 221, 227. Counsel quote from the opinion in that case this sentence: " Counsel have no right by such a general objection to expect a court to hunt up reasons for sustaining it." That sentence was used in regard to confirming the action of the Appellate Court which declined to examine the instructions. Turning to the same case in the Appellate Court (64 Ill. App. 162), we find this, which is all that is said upon that question, viz.:

" The brief of the appellant says 'that the several instructions (which cover three pages of the abstract) asked by the defendant should have been given, and that this proposition requires no citation of authorities,' and thus drops the subject. We are not required to examine the instructions upon such a brief."

It will be noticed that the court makes no reference to the question of an assignment of errors being "joint and

not several." Indeed there is no reference whatever to the assignment of errors, but reference only to the insufficiency of the brief.

The next case cited is C., R. I. & P. R. R. Co. v. Moffitt, 75 Ill. 524, 529. This sentence is quoted from the opinion in that case : " Counsel operate a drag net, but ask the court to do the sorting." An examination of the opinion shows that that language was not used in reference to an assignment of errors. That court states the question in reference to which this language is used, as follows:

"We find counsel have enumerated six witnesses and then collected ten questions alleged to have been asked these several witnesses, but variant in form, phraseology and object; and without singling out any, ask us to pass upon the collection with the view of ascertaining if some of them should not have been answered."

It will be noticed in that case also that there is no question upon the assignment of errors or anything bearing upon the point now presented to this court.

Ch. City Ry. Co. v. Van Vleck, 40 Ill. App. 368, is also cited and this sentence quoted, viz.:

" We decline to enter upon the consideration of alleged errors thus bundled upon us."

The sentence next preceding is as follows (we need say no more than quote it), viz.:

" Several pages of objections and exceptions are practically pitchforked in before the court, with the implied invitation that we look them over, examine the abstract, find out the connection in which each particular question arose, search out the materiality of evidence excluded, ascertain for ourselves the injurious operation or tendency of answers permitted, and say on the whole whether upon some one or more of the exceptions the verdict should not be overturned."

The only other case in Illinois courts cited by counsel for defendant in error upon this point is Ludwig v. Huck Malting Company, 46 Ill. App. 494. In that case counsel in their brief insisted that the court below erred in its instructions to the jury and in overruling appellant's motion for a new trial, and cited a large list of authorities without any

attempt to show their applicability to the case.   The court said (p. 495), " This is not a proper mode of raising questions for review in this court," citing and quoting from the Moffitt case and the Van Vleck case, *ante.*   We fully concur in the view expressed in the Ludwig case, but it has no application to the question now before us.   We should not hesitate to follow either one of said cases upon a similar state of facts.

In C. & R. I. R. R. Co. v. N. Ill. Coal & Iron Co., 36 Ill. 62, it is said :

" Under the general assignment of error, that the court should have granted a new trial, the plaintiff in error may urge the rejection of proper and the admission of improper evidence; also the giving of improper and the refusal of proper instructions, and that the evidence does not sustain the verdict.   These are all grounds for granting a new trial, and need not be specifically enumerated, but are embraced in the general assignment of error that the court refused to grant a new trial."

That case is quoted from with approval upon this point in Shaw v. People, 81 Ill. 152, and O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 112.

The assignments of error in the case at bar are sufficient to call for an examination of the instructions severally. We have considered it advisable to review thus at length Illinois cases cited, as it might save much time to the court in the future.   It must not, however, be understood that this court will examine and consider all the instructions in a case merely upon a general assignment of error, without having the alleged errors definitely pointed out on the brief. Had the thirty-five instructions in this case, covering as they do twenty-five pages of the abstract, been " pitchforked " at us without pointing out and arguing in the briefs specific objections thereto, we should not have given them any consideration.

As this case must be remanded for another trial we shall not review the evidence or express any opinion as to it.

For the error indicated in giving the thirty-first instruction the judgment of the Superior Court is reversed and the cause remanded.