CHARLES M. LeBLOND *v.* SOLOMON KONIA, Guardian
of KUMUHONUA.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED MARCH 20, 1901.            DECIDED JUNE 15, 1901..

FREAR, C.J., GALBRAITH AND PERRY, JJ.

One who gratuitously takes a child to treat and maintain as a child
    cannot recover compensation therefor from the child's guardian
    until after notice to the guardian that further maintenance of
    the child will not be gratuitous.
The guardian may properly show by way of defense that the main-
    tenance of the child was gratuitous. He is not required to prove
    a contract that there should be no charge for the maintenance.
Under the circumstances a new trial is granted though much of the
    evidence that was held inadmissible had been introduced and was.
    not stricken out.

OPINION OF THE COURT BY FREAR, C.J.

This is an action by the assignee of a claim of one Ane Paika-
lani against the guardian of one Kumuhonua, a minor, for the
support, maintenance, clothing and care of the minor for five
years beginning January 1, 1895. The action was for $1,000..
The jury rendered a verdict for $250.

The plaintiff introduced testimony to show that Ane Paika-
lani took the minor at the time of his foster-father's death and
had charge of him for five years, and that she had assigned her
claim to the plaintiff.

The defendant then sought to show on cross-examination of
Ane Paikalani that at the time of the death of the foster-father
she came to his house and proposed to take the minor and treat

him as her son and that no charges whatever should be made for such services, and that she had since and on recent occasions told the guardian that such were the facts and that it was not her intention to make any charge, but that she was forced to do so by her husband. Such testimony was ruled inadmissible and an exception was taken.

The defendant then testified that at about the time of the foster-father's death, Ane Paikalani, who was defendant's sister, told him that she had taken the boy to raise him, that she was going to do for him as she would for her own child and that there should be no expense or charge therefor; that after suit she came to defendant and said she had been forced by her husband to bring this suit and admitted that she had no right to charge for the keeping of the boy, and recalled her previous conversation with the defendant on the subject. Plaintiff's counsel objected to the admission of any such testimony and the objection was sustained and an exception taken. The evidence was not stricken out, nor were the jury instructed to disregard it. They were instructed that "an infant is liable for a reasonable value for necessaries furnished him," &c.

The plaintiff proved merely the fact of maintenance—not that the guardian or the ward had requested it or that it was required by the neglect or unwillingness of the guardian to maintain the child. Let us assume for the purposes of this case that mere proof of maintenance, without proof of a contract or request or of necessity, is sufficient to make out a *prima facie* case, that is, that a contract to pay is implied from the mere fact of maintenance. This is, at most, only a rebuttable presumption. It would be competent to rebut such presumption by proof that the person who maintained the child did so gratuitously. This the defendant desired to show but the court refused to allow it. It is true that what he wished to show by cross-examination of Ane Paikalani did not go to the extent of showing that she made her statements to the defendant or to any one clothed with authority to contract with reference to the child, but it did go to destroy her own case by showing that she

took and supported the child gratuitously. It was unnecessary to show a contract not to charge. It was sufficient to show that there was no contract, express or implied, to pay. It is true also that the testimony of the defendant, which did show statements of Ane Paikalani to himself, was not stricken out. But considering that the defendant lost the benefit of Ane Paikalani's own testimony on this subject, that the defendant himself was precluded from testifying further on this point and that the court sustained the broad objection to the admission of "any testimony under said questions" put to the defendant on this subject, that no illusion was made in the instructions of the court to this branch of the case, that the court did instruct the jury broadly that "an infant is liable for a reasonable value for necessaries furnished him," &c., and that the verdict was for the plaintiff, it is fair to suppose that the jury disregarded this branch of the case and that the defendant was accordingly prejudiced by the errors committed.

That one who takes a child gratuitously to treat as a child cannot recover compensation from the guardian for maintenance until notice to him to the effect that the maintenance will not thereafter be free of charge, and that then the recovery can be for only the excess of cost over the value of the child's services, see *Meyer v. Temme,* 72 Ill. 574.

Of course if necessaries were furnished not gratuitously but on the credit of the guardian or that of the infant or on the latter's expectation of property, there might be a recovery on an implied contract. See *Trainer v. Trumbull,* 141 Mass. 527.

It was competent for the defendant to show if he could that the care and maintenance of the ward were furnished gratuitously and there was prejudicial error in not permitting him to do so.

The verdict and judgment are set aside and a new trial is ordered.

*John W. Cathcart* and *Thos. C. Ridgway* for plaintiff.
*Wise & Nickeus* for defendant.