## The Town of Western Mound, Appellee, y. Gideon B. Loper, Appellant.

1. APPEAL AND ERROR, § 1088*—*when error will not be considered for failure of brief to refer to the abstract.* The Appellate Court will not consider an assignment of error that the finding is not sustained by the evidence where the brief of counsel for appellant is simply a statement of his conclusions on the evidence and there is an implied invitation to the court to search the abstract and the record to determine that his conclusions on the weight of the evidence are correct.

2. APPEAL AND ERROR, § 1088*—*requisites of brief in assigning for error that finding is contrary to evidence.* To assign for error that the finding is contrary to the evidence, the facts shown by the evidence upon which he relies should be specifically pointed out and reference made to the abstract where they may be found.

Appeal from the County Court of Macoupin county; the Hon. TRUMAN A. SNELL, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 27, 1913.

PEEBLES & PEEBLES, for appellant.

RINAKER & RINAKER and VICTOR HEMPHILL, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This action was originally brought before a justice of the peace against appellant to recover a penalty for obstructing a public highway. Appellant was found guilty and appealed to the County Court, where the case was tried before the court without a jury and appellant found guilty a second time, and fined ten dollars. From the judgment of the County Court he prosecutes this appeal to this court.

The only assignment of error presented or argued by counsel for appellant in his brief is that the finding is contrary to the evidence. This involves the question as to whether the place where the alleged obstruction

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

was erected was a public highway, having become so by dedication or prescription. A large amount of evidence was introduced on this question. The brief of counsel for appellant is simply a statement of his conclusions on the evidence. Only one reference is made to the abstract in support of the argument and that upon an immaterial point. There is an implied invitation to the court to search the abstract and record and determine that his conclusions on the weight of the evidence are correct. The court is not required to do this. The facts shown by the evidence on which appellant relies should be specifically pointed out and reference made to the abstract where they may be found.

In the case of *Chicago City Ry. Co. v. Van Vleck*, 40 Ill. App. 367, the Court says: "Several pages of objections and exceptions are practically pitchforked in before the court, with the implied invitation that we look them over, examine the abstract, find out the connection in which each particular question arose, search out the materiality of evidence excluded, ascertain for ourselves the injurious operation or tendency of answers permitted, and say on the whole whether upon some one or more of the exceptions the verdict should not be overturned.

We decline to enter upon the consideration of alleged errors thus bundled upon us. *C. R. I. & P. R. R. Co. v. Moffitt*, 75 Ill. 525."

To the same effect is *Minchrod v. Ullman*, 60 Ill. App. 400; *Ludwig v. L. C. Huck Malting Co.*, 46 Ill. App. 494; *Hudson v. Madison*, 75 Ill. App. 442.

The name of not a single witness is mentioned or his evidence commented upon, and no reference is made to the abstract or record where any particular evidence may be found. We cannot undertake to consider assignments of error presented to us in this way.

The judgment of the County Court must be affirmed.

*Affirmed.*