HORACE A. HURLBUT *et al.*

*v.*

SEVILLE F. JOHNSON *et al.*

1. PARTNERSHIP *property must first be applied to payment of firm debts.* Where a merchant sells an interest in his stock of goods to another who becomes a partner in the business, debts contracted by the new firm must first be paid out of goods afterward purchased before any portion of them can be taken for debts of the former, and only his interest in such of the old stock as remains on hand until levied upon, can be appropriated to the payment of his prior debts.

2.  On a bill to subject partnership funds to the payment of partnership debts, if it appears that any portion of the property on hand had belonged to one of the partners before the formation of the partnership, and was at that time put into the partnership business by him, his individual prior creditors will be entitled to have his interest in such property as is still on hand, and can be identified, appropriated to the payment of executions against him, which have been levied on the entire stock before the filing of the bill, but nothing more.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. F. S. MURPHY, for the appellants.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to enjoin the sale of a stock of goods under executions and have the same appropriated to the payment of the several claims of the creditors of defendant Krone or Krone & Wineberg. The facts upon which relief is sought may be shortly stated: On the 20th of April, 1872, Krone purchased of Christopher Wineberg, who is also made a defendant to the bill, an interest in a stock of drugs and such other goods as are usually kept in a retail drug store, for which he conveyed to him eighty acres of land situated in Iowa, estimated to be worth about $5 per acre. The value of the stock on hand was estimated by the witnesses, from $200 to $600. On the 29th day of April, 1872, appellees Colburn, Burke & Co., and Simeon & Colburn, respectively, recovered judgments before justices of the peace, against Christopher Wineberg, and afterward executions were issued upon such judgments and placed in the hands of Constable Johnson, who levied the same on the goods in controversy as the property of Wineberg. Upon filing the bill the court granted a temporary injunction and appointed a receiver. Some of the goods being of a perishable character, the receiver, under the direction of the court,

9—74TH ILL.

sold the entire stock, and has now on hand the proceeds subject to the order of the court.

The execution creditors insist the sale of the stock of goods to Krone was not in good faith, but made with a purpose to hinder and delay the creditors of Wineberg in the collection of their just claims. On the contrary, appellants, who are the *bona fide* creditors of Krone for goods sold to him to replenish the stock, insist they are entitled to have their claims first paid, no matter what view may be taken of the relations subsisting between Krone and Wineberg. The circuit court, on the hearing, divided the funds in the hands of the receiver equally between the contesting claimants. Appellants bring the cause to this court, and seek a reversal of the decree on the ground they are entitled to be first paid out of the funds in the hands of the receiver.

There is some conflict in the testimony as to the relations which existed between Krone and Wineberg after the sale of the 20th of April, but when construed in connection with the written instrument executed by the parties at the time, we think there can be no doubt, Krone purchased an undivided one-half of the stock belonging to the firm of Wineberg & Bro. It is equally clear the purchase was in good faith, for a valuable consideration. The land conveyed to Wineberg was worth much more than one-half interest in the stock of drugs. There were then no judgments or executions against Wineberg & Bro., or either of them, and no reason is shown why Krone did not acquire by the purchase a clear title to one undivided half interest in the entire stock on hand in the store, the other half remaining in Christopher Wineberg.

There is no doubt an arrangement was made, the business thereafter should be conducted in the name of Krone, and that Wineberg, although interested in the store as a partner, was not to be known as such. It is immaterial, so far as the questions arising on this record are concerned, whether he was a silent or an active partner in the business thereafter to be conducted. Whatever debts might be contracted for goods to

replenish the stock would, in any event, take precedence over any mere private indebtedness previously contracted by Wineberg. The claims of appellants were for goods sold to Krone, and undoubtedly went into the store to increase the common stock. Whatever might be the interest of Wineberg in the goods in the store, the debts contracted for the purpose of conducting the business must be first paid, and all the individual creditors could rightfully subject to the payment of their claims would be the interest of Wineberg remaining after the firm debts had been fully paid. The credit was given to Krone on the faith of the stock of goods then in his possession, and as we have seen, it makes no difference whether he owned them in his own right, or whether they were the property of Krone & Wineberg.

The sale of the stock by Wineberg & Bro. to Krone and Wineberg, was in good faith. It was certainly made for an adequate consideration, and the evidence shows the land taken in payment was appropriated to the payment of the debts of Wineberg.

There can be no question the undivided one-half interest in the stock passed by the sale to Krone. All the previous creditors of Wineberg could in any event be entitled to recover, would be the interest Wineberg had in the stock of goods after the sale to Krone & Wineberg by Wineberg & Bro., prior to any new purchases. All the interest subsequently acquired by the firm by new purchases should first be appropriated to the payment of the creditors of Krone, or of Krone & Wineberg, if they shall be held to have been partners in the business, as well as all the interest of Krone in the goods.

The executions against the property of Wineberg under which appellees claim were issued on the 29th day of April, 1872, but no levies were made until the 29th day of June next following. Whether any portion of the original stock formerly owned by Wineberg & Bro. remained at that date is not shown by any thing in the record. The interest of Wineberg in the original stock that remained until the levies were made, if the

same can be ascertained, can alone be appropriated to the payment of the prior creditors of Wineberg, but the debts of Krone, or Krone & Wineberg, contracted for goods for the common business must first be satisfied out of the subsequently acquired goods.

The decree of the court below will be reversed and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*