SILAS MOFFETT *et al.*

*v.*

PETER O. HANNER *et al.*

*Filed at Springfield January 14, 1895.*

| 154 | 649 |
|-----|-----|
| 161 | 371 |
| 154 | 649 |
| 162 | 135 |
| 154 | 649 |
| 60a | 402 |
| 60a | 470 |
| 154 | 649 |
| 213 | 419 |

1. EVIDENCE—*that deed absolute on face is mortgage, as against a grantee.* A finding that a deed absolute on its face, but intended as a mortgage, is such, as against the grantee in a conveyance from the mortgagee, is justified upon evidence that at the time of the conveyance the grantee was informed of the character of the interest of his grantor, and by declarations subsequently made recognized the right of redemption in the original mortgagor.

2. APPEALS AND ERRORS—*defendant not served cannot assign errors.* One joined as a party defendant to an action, upon whom no process was ever served and who is not named in the decree, cannot assign errors upon appeal from the decree.

3. PRACTICE—*in chancery—when master should state account.* The court, in a chancery proceeding in which an accounting is to be had, should first find and declare the rights of the parties and the rule to be adopted in stating the account, by an interlocutory decree, and then refer the cause to the master to take and state the account.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

On May 19, 1885, Peter O. Hanner and Hester E. Hanner became indebted to one W. S. Moffett in the sum of $1200, and executed their note to him for that sum, payable May 1, 1890, with interest at the rate of eight per cent per annum, for which five coupon inter-

est notes were executed. The makers of said note, to secure the same, made, acknowledged and delivered their deed of trust, conveying to one Oren B. Taft the west half of the west half of the south-east quarter of section 33, township 14, north, range 14, west of the second principal meridian, and thirty-seven and one-fourth acres off the south end of the west half of the north-east quarter of section 4, township 13, north, range 14, west of the second principal meridian. On the 29th day of June, 1888, Peter O. and Hester E. Hanner made a warranty deed conveying the above described premises to one William R. Hanner, but in describing the tract last above described omitted from the description the number of the section. That deed, however, after the clause waiving homestead, contains this clause : "Without this, that W. R. Hanner is to pay off a certain mortgage for $1200, due in May, 1890." On the second of January, 1889, William R. Hanner and Rosa Hanner executed, acknowledged and delivered a warranty deed, conveying the land as described in the deed of trust, to Silas Moffett. That deed contains a clause by which the grantee assumes the payment of $1200, secured by mortgage on the land.

On the 15th day of July, 1891, Silas Moffett filed a bill in chancery in the circuit court averring the above facts, and alleging that he had paid off the mortgage indebtedness and had the papers transferred to himself. The bill further alleges that Peter O. and Hester E. Hanner claim the tract of land that is described, as their homestead, and refuse to surrender possession of the same, although well knowing that the mortgage was paid off by said Silas Moffett under a mistake of fact, he believing he had title to the land, and that said Peter O. and Hester E. refused to correct said deed. The complainant in the bill offers to accept the amount paid out for the land by him and reconvey the same, and prays that if that proposition be refused he may be subrogated to the rights of said mortgage lien, and a foreclosure

may be had as to the tract last described in the deed of trust, and the number of the section of which was omitted in the deed made by Peter O. and Hester E. Hanner, and to make Peter O. Hanner and William R. Hanner and Oren B. Taft defendants.

To this bill Peter O. and Hester E. Hanner answered, admitting that they resided on and claimed the thirty-nine acre tract as a homestead; admitting the execution of the note and deed of trust as alleged; further alleging they executed some kind of an instrument to William R. Hanner, but denying they intended to convey the fee, but that the instrument was given to indemnify William R. as surety on certain notes made by Peter O., and averring complainant had knowledge of that fact; further alleging they were in possession of said lands in section 4 claiming title as being in Hester E., and that the mortgage indebtedness was not paid off by complainant under a mistake of fact; denying that complainant had offered to do equity, but averring that Peter O. had paid complainant large sums of money, and that not more than $1200 is rightfully due, and averring they are ready and willing to pay the same. William R. Hanner answered, substantially admitting the allegations of the bill.

Peter O. and Hester E. Hanner filed a cross-bill, in which they alleged that Peter O. owned the lands in section 33 in the mortgage described, and that Hester E. owned the lands in section 4, having acquired the same by inheritance, and executed the note and deed of trust as in the original bill alleged, and William R., being security to Peter O. for about the sum of $250, pretended that he felt unsafe, and asked that he be indemnified by a lien on said lands of Peter O., which complainants in the cross-bill promised to do, and, substantially relying upon the good faith of William R. and his agent, did, without reading, place their signatures to what they supposed to be a trust deed or second mortgage on the lands of Peter O., which, at the time, before and afterwards, was

called a bond, trust deed, etc., and they had the right of redemption; that they subsequently discovered they had been deceived by false representations, and had signed a warranty deed, not only for the lands of Peter O., but an effort had been made to include the lands of Hester E.; and further averred the conveyance by William R. to Silas Moffett with knowledge on their part that complainants in the cross-bill had only executed the writing as an indemnification against contingent liability; averred that Peter O. had paid the interest on said $1200 note, and that the lands were worth $1200. The cross-bill alleged further facts, including those in the answer, and prayed that an accounting be had with Silas Moffett, and for relief as to him and William R. Hanner, and made Silas Moffett, William R. Hanner and John Daugherty parties defendant, the latter of whom was averred to be in possession, as tenant or otherwise.

William R. Hanner answered this cross-bill, admitting the conveyance but denying the deed to him was signed without reading, or that false representations were made, and averring that the consideration of the deed was $965, and that, in addition to the $250 for which he was surety, the said Peter O. was indebted to others in the sum of about $700, and at the request of said Peter O. and Hester E. Hanner he paid indebtedness of said Peter O. to the amount of $965, and turned over to said Peter O. the evidence of indebtedness before the bringing of this suit by said Moffett. Silas Moffett answered, admitting the conveyance, and averring his payment of the mortgage indebtedness, but denying all other allegations of the cross-bill. It does not appear that John Daugherty was served with summons, nor did he answer, nor was he mentioned in any order or decree of the court.

William R. Hanner filed his cross-bill, averring a mistake in the deed made to him, and his conveyance to Moffett, and averring an action of covenant had been brought against him by Silas Moffett on the covenant of

his deed, and praying for an injunction against the prosecution of the action of covenant, and for a correction of the deed made to him, etc.

Silas Moffett answered that cross-bill, neither admitting nor denying the conveyance being made by Peter O. to William R., but admitting the conveyance to him, and averring William R. had no title, and that he was entitled to recover in his action of covenant. Peter O. and Hester answered that cross-bill, setting up the facts as in their answer to the original bill, etc.

The cause was referred to the master in chancery to take testimony and report his conclusions to the court, and he reported the testimony, and recommended that a decree as prayed for in the cross-bill of William R. Hanner be entered, and the costs be taxed to Peter O. and Hester E. Hanner. Exceptions were filed to the report of the master, and, on hearing before the court, were sustained, and the court entered a decree dismissing the original bill and the cross-bill of William R. Hanner, and found that the deed to William R. Hanner was made as a mortgage, and that Moffett became the assignee of the interest of William R. Hanner, and Peter O. and Hester E. Hanner were entitled to redeem the land conveyed by paying to Silas Moffett the sum of $2206.05 within ninety days, and apportioning the costs. Silas Moffett and John Daugherty sued out this writ of error.

JAMES W. CRAIG, for plaintiffs in error.

F. W. DUNDAS, and J. H. WINKLER, for defendants in error.

PHILLIPS, J.: The evidence in this record conclusively shows that at the time the deed was executed to William R. Hanner it was made to indemnify him as surety, and he was to take the title in trust, to also indemnify three other sureties of Peter O. Hanner. The evidence also shows that at the time of the conveyance

by William R. to the complainant in the original bill,
Moffett, he was informed of that fact, and his declara-
tions, proven to have been subsequently made, recognized
this right of redemption.   With these facts shown in the
record there was no error in finding the deed of June 29,
1888, was given as security, and was in fact a mortgage.
The deed of trust made in 1885 had never been foreclosed,
and, the right of redemption existing under the deed of
1888, it was proper to have an account, and decree the
relief prayed for in the cross-bill of Peter O. and Hester E.
Hanner.   With this right of redemption existing, it was
not error to dismiss the original bill and the cross-bill of
William R. Hanner, as full and complete relief could be
decreed under the cross-bill under which the decree was
entered.

No service of process was had on John Daugherty,
nor was he named in the decree, and he can not be heard
to assign error in a case in which he was not a party.

There was no accounting or relief prayed for in the
original bill, as against William R. Hanner, that the
error assigned.

The claim that the court erred in not rendering a de-
cree in favor of Silas Moffett against William R. Hanner
cannot be sustained.

The master having reported his conclusions to the
court that the relief prayed for in the cross-bill by Wil-
liam R. Hanner should be granted, it is apparent the
master's report was disapproved, though not so stated in
the decree.   The master did not state the account, but
it appears the same was stated and found by the court.

The sixth assignment of error is, that the court erred
in not rendering a decree for the full amount due Silas
Moffett.   This assignment would require this court to
enter into an examination of complex and intricate ac-
counts, determine amounts of interest, etc.   We have
frequently stated the practice which should be adopted
in courts of chancery with reference to such accounts.

Where the rights of parties in a chancery proceeding are involved and an accounting is to be had, the court should first find and declare the rights of the parties and the rule to be adopted in stating the account, by an interlocutory decree, and then refer the cause to the master to take and state the account. Stating the account is the appropriate work of the master, and the usual and proper practice in chancery. When such statement is made concisely, exceptions thereto may bring to the trial court and to an appellate tribunal the issue between the parties, so that the same may be comprehended and determined. The exceptions are the pleadings to the items of an account, and must be specific, and not general, as they can then be reviewed by the Appellate Court or Supreme Court. *Mosier* v. *Norton et al.* 83 Ill. 519; *Quayle et al.* v. *Guild,* id. 553; *Moss* v. *McCall,* 75 id. 190; *Patten* v. *Patten,* id. 446; *Steere* v. *Hoagland,* 39 id. 264; *Bressler* v. *McCune,* 56 id. 475; *Riner* v. *Touslee,* 62 id. 266; *Groch* v. *Stenger,* 65 id. 481; *Dubourg* v. *United States,* 7 Pet. 625.

For error of the court in not referring the cause to the master to take and state the account, the decree must to that extent be reversed. That part of the decree dismissing the original bill and the cross-bill of William R. Hanner, and finding the deed of June 29, 1888, a mortgage, will be affirmed. Plaintiffs in error are to be taxed one-half the costs of this court and Peter O. and Hester E. Hanner the residue, and the cause is remanded with directions to the circuit court to refer the cause to the master to take and state the account between Moffett and Peter O. Hanner.

*Affirmed in part and in part reversed, and remanded.*