## Simon Minchrod et al. v. Joseph Ullman et al.

1. EQUITY PRACTICE—*Exceptions to a Master's Report.*—Exceptions to a master's report should point out by reference to the proofs the evidence relied upon to sustain the exceptions. The court is under no obligation to search through the evidence to see if something can not be found which will sustain the exceptions.

2. SAME—*Assigning Numerous Exceptions.*—The practice of assigning a great number of objections and exceptions to a master's report or to a decree is one not to be commended.

**In Equity, Foreclosure, Accounting, etc.**—Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed in part and reversed in part. Opinion filed October 31, 1895.

MOSES, PAM & KENNEDY, attorneys for plaintiffs in error.

E. R. Jewett, attorney for defendants in error.

Mr. Justice Waterman delivered the opinion of the Court.

On the 17th day of June, 1895, at the June term, the Circuit Court of Cook County entered a decree of fore-closure against Simon Minchrod, requiring him to pay to the defendants in error, upon their supplemental cross-bill, the sum of $25,556.62, and one-fifth of the cost of the proceeding. Simon Minchrod and Hattie Minchrod have sued out this writ of error for the purpose of procuring a reversal of said decree, and they have severally and jointly assigned a large number of errors on the record.

The litigation commenced on the 23d day of December, 1887, by Simon Minchrod filing a bill for an accounting against the firm of Joseph Ullman, of which he had been a partner. The bill also attacked the real estate mortgage, which is by the decree in this case foreclosed. The principal defendants impleaded by Simon Minchrod were Joseph Ullman, Charles Ullman, Samuel Ullman and Hattie Minchrod, the wife of Simon Minchrod. Emanuel S. Ullman was not impleaded. The then holders of the mortgage security, Messrs. Ladenburg, Thalmann & Co., were also impleaded, and they thereafter filed a cross-bill for the foreclosure of the mortgage, but upon the re-assignment of said mortgage to the firm of Joseph Ullman, said firm (including Emanuel S. Ullman as a partner) filed a supplemental cross-bill for the foreclosure of the mortgage in question, upon which the decree at bar rests.

The original defendants, Joseph Ullman, Charles Ullman and Samuel Ullman, answered the bill of complaint filed by Simon Minchrod, substantially denying the allegations of wrongful conduct charged in Minchrod's bill.

On the 9th day of July, 1889, by consent, the bill and cross-bill were referred to a master to take proofs and report the same with his conclusions thereon.

On the 14th of June, 1895, the master made his report, returning therewith a large amount of proofs by him taken,

the voluminous evidence filling over 550 pages of the record here presented.

To the draft of this report, plaintiff in error filed with the master seventy-four objections, which, being by him overruled, were filed in court as exceptions. The defendants in error filed no exceptions. The plaintiffs in error have assigned in this court forty-two errors.

Nearly all of these objections and exceptions are in effect as to findings upon matters of fact, yet in only four instances is there any attempt to point out by reference to the proofs the evidence relied upon to sustain the exception. Neither of these four references is a compliance with the rule in this regard. One, illustrative of all, is as follows:

"43.   The master erred in not finding that the share of the profits of Minchrod for the year 1885, according to Mr. Ullman's statement, would be between $15,000 and $16,000.   (Rec. 181- 205.)"

We presume that " Rec. 181–205 " is a reference to pages of testimony taken before the master. Turning to this we find that pages 201 to 205 are occupied with the testimony in part of Simon Minchrod. Even had a statement by Mr. Ullman somewhere therein appeared, the reference thereto would be entirely insufficient, because too indefinite, requiring the court to make a search which counsel should have saved it the time and labor of making by specifically pointing out, or setting forth, the evidence relied upon.

Under these many exceptions, the court is called upon to search through the entire mass of evidence to see if something can not be found which will sustain the exception.

The court is under no obligation to do this. Such a course renders the report of the master of no assistance, and is one which it is under no obligation to tolerate. Huling v. Farwell, 33 Ill. App. 236; 132 Ill. 112; Heffron v. Gore, 40 Ill. App. 257; Moffett v. Hammer, 154 Ill. 649–655; Brown v. McKay, 51 Ill. 295; Hodson v. Eugene Glass Co., 54 Ill. 248; Daniell's Ch. Pr., 1300–1315–1317; Springer v. Kroeschell, Ill. App., March term, 1895; Mott v. Harrington, 15 Vt. 185–197; Pierce v. Cutter, 69 Ill. 267; Wolcott

v. Lake View Bldg. & Loan Assn., 1st Dist. Ill. App., opinion filed July 5, 1895; Friedman et al. v. Schoengen et al., 59 Ill. App. 376.

The practice of assigning a great number of objections and exceptions to a master's report, or to a decree, is one not to be commended. " Counsel throw out a drag net and ask the court to do the sorting." The C., R. I. & P. R. R. Co. v. Moffitt, 75 Ill. 524–529; Dime Savings Institution v. Allentown Bank, 65 Penn. St. 116–123; The Chicago City Ry. Co. v. Van Vleck, 40 Ill. App. 367; Harding v. Sandy, 43 Ill. App. 442; Phillips & Colby Construction Co. v. Seymour, 91 U. S. 646; Brewster v. Baxter, 2 Washington Ter. Rep. 135; Duncan v. Kohler, 37 Minn. 379; Finch v. Karster, 97 Mich. 20; Encyclopædia of Pldg. & Prac., Vol. 2, 960.

For these reasons the court might well have affirmed the report of the master without an examination thereof. The court did enter upon an examination of the report, and added to the amount of $24,672.04, therein found due to the supplemental cross-complainants, Joseph, Charles, Samuel and Emanuel Ullman, the sum of $834.58, making the amount due $25,556.62.

As no exceptions to the master's report were presented by the cross-complainants, we do not think that the court should have, under exceptions of the character of those filed by the complainants in the original bill, increased as against such original complainants and in favor of such cross-complainants, the amount found due by the master. The original bill was for an accounting, and the master had stated an account; the items entering into this are very numerous, and the testimony concerning the same of great length. In such a case, if the court finds upon exceptions taken that the account is not correctly stated, it should, with proper directions, re-refer the matter to the master for him, in accordance with its order, to restate the account. Beale v. Beale, 116 Ill. 292.

Under the decree of the court certain property was sold, realizing the sum of $19,000, and thereafter a deficiency decree for the sum of $6,207.13 was entered. We do not

regard the fact that in the answer to the original bill it was not set forth that Emanuel Ullman was a partner or interested in the firm of Joseph Ullman, as important.

Inasmuch as the property sold for much less than the decree ought to have been, the only legitimate complaint of the plaintiffs in error is that the deficiency decree is too large.

This error we correct by affirming that decree for $5,318.39, and reversing it as to the residue, leaving the original decree unaffected.

Neither party will recover costs in this court.