## Comstock-Castle Stove Company v. W. W. Baldwin.

1. APPELLATE COURT PRACTICE—*When a Decree will be Affirmed.*—Where there is nothing in an assignment of errors which questions the action of the court upon the exceptions taken to the master's report, upon which report the decree is founded, the decree will be affirmed.

2. EQUITY PRACTICE—*Exceptions to Master's Report.*—Exceptions to a master's report which are of that general character, requiring a search through the whole evidence to determine whether they are well taken, are unavailing.    McMannomy v. Walker, 63 Ill. App. 259.

**Bill for Relief.**—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

JAMES E. PURNELL, attorney for appellant.

EDWARD OWINGS TOWNE, RICHARD H. TOWNE, and SMITH, HELMER & MOULTON, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant was complainant in a cross-bill filed in a chancery cause wherein the appellee was the complainant in an original bill, each of them endeavoring to have the assets of an insolvent corporation applied to the satisfaction of their respective claims against that corporation. The title of the appellant to relief was dependent upon establishing that the claim of the appellee was fraudulent. The case was referred to a master who reported against the appellant upon that question. Exceptions by the appellant to that report were overruled, so that the report stands, and if the exceptions were rightly overruled, the master's report is a proper foundation for the decree dismissing the cross-bill of the appellant.

There is in the assignment of errors nothing which questions the propriety of the action of the court upon those exceptions, and therefore the decree must be affirmed. Ditch v. Sennott, 116 Ill. 288.

It is true, as the assignment of errors implies, that the record does not show that the master's report was filed in the Circuit Court, but there were two stipulations in that court between the parties which treat the report as being on file. It is now sent up, over the certificate of the clerk, as part of the record of the Circuit Court, and filed here, as such, by the appellant.

It is not open to question that it was a part of the record upon which the court made the decree appealed from. And the exceptions to the master's report are of that general character, requiring a search through the whole evidence to

determine whether they were well taken, which we have so
often held to be unavailing. The subject is considered at
considerable length in McMannomy v. Walker, 63 Ill. App.
259, and has been before us very often. Minchrod v. Ull-
man, 60 Ill. App. 400; Williams v. Lindblom, Ibid. 465.

The decree is affirmed.