JOHN M. SOUTHWORTH

*v.*

THE PEOPLE *ex rel.* William Armstrong.

*Opinion filed February 19, 1900.*

183  621
s85a 289

1. APPEALS AND ERRORS—*technical defect in form of judgment not ground for reversal.* That a judgment in contempt makes the fine payable to the State of Illinois instead of the People of the State of Illinois is not ground for reversal under the Statute of Amendments, as the Supreme Court has power to make the amendment.

2. CONTEMPT—*what not justification for refusing to obey master's orders on accounting.* Refusal to produce documentary evidence and answer questions, as directed by the master in chancery, in a proceeding under a bill alleging a partnership, cannot be justified by the claim that no interlocutory decree finding the existence of a partnership was made before the cause was referred, since a reference may be had without the making of such interlocutory decree.

3. EQUITY—*when bill alleging partnership makes a case for equitable jurisdiction* A bill by one attorney against another, alleging a partnership between them with reference to sharing fees derived from litigation covering some fourteen years and involving several suits, and which asks for a receiver under the allegation that defendant is insolvent and has placed the fees collected in the hands of third parties to prevent a recovery by complainant, presents a case for equitable jurisdiction.

*Southworth* v. *People ex rel.* 85 Ill. App. 289, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming an order of the superior court of Cook county, wherein appellant was adjudged guilty of contempt and a fine of $250 was imposed.

It appears that the relator, William Armstrong, filed his bill of complaint, alleging, among other things, that appellant received and collected $15,000 or $20,000 for services rendered by the two, jointly, as solicitors in the prosecution of certain claims; that it had been agreed

between them and their client that they, as solicitors, should receive, jointly, half of the amount collected, to be divided between them in equal parts; that for certain reasons it was deemed advisable that Southworth only should appear as attorney of record; that of the amount so received by Southworth he deposited $12,500 in his bank, and immediately checked out all of that sum but $722.50; that of the portion so checked out, part was used to pay Southworth's individual debts; that several thousand dollars were turned over to parties without consideration, of which $4260 were drawn out of the bank on the day of the commencement of this suit, in order, as it is alleged, that it might be secreted from complainant. The bill charges appellant is insolvent. A demurrer to the bill was overruled. Appellant answered, admitting the receipt of $12,500 as fees for the prosecution and collection of said claims, and that he deposited it and has paid it all out except $722.50, but denies that Armstrong has any interest in said money, and denies other material allegations of the bill.

The cause was referred to the master in chancery to take evidence and report. The appellant refused to answer certain questions and furnish certain documentary evidence called for before the master, and upon such refusal the order appealed from was entered by the court. The order was entered upon the affidavit of Armstrong showing that the evidence required was material in the trial of the cause, and was as follows:

"*Ordered*, that defendant, Southworth, produce before master all books, papers, receipts, vouchers, checks, bank books of deposit, as well as all writings of every class and character pertaining to the receipt, as well as disbursement, of all money received by him from John Mc-Mannomy, or from any source, as solicitor's fees, growing out of the case of *McMannomy* v. *Walker et al.*, to be used as evidence in this cause, and all checks drawn upon Metropolitan National Bank of Chicago by him since de-

posit of $12,500 in said bank, and all receipts or evidence of debt showing to whom said funds were paid, and if any portion of same invested, the evidence of such investment, if in writing, and if any portion of same are held in trust, the evidence of such trust, if in writing."

WILLIAM E. HUGHES, for appellant.

CHARLES H. ALDRICH, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is claimed in the argument, first, that the judgment is erroneous because the fine unpaid is made payable to the State of Illinois when it should have been made payable to the People of the State of Illinois. It may be conceded that there is a technical defect in the form of the judgment as entered by the superior court, but the defect is no ground for a reversal of the judgment. Section 2 of chapter 7 of the Revised Statutes, entitled "Amendments," provides: "After judgment rendered in any cause, any defects or imperfections in matter of form, contained in the record, pleadings, * * * or other proceedings in such cause, may be rectified and amended by the court in affirmance of the judgment, so that such judgment shall not be reversed or annulled." Section 3 declares that "no judgment shall be reversed, in the Supreme Court, for mere error in form, if the judgment be for the true amount of indebtedness or damages." Section 9 provides: "The provisions of this act shall extend to all actions in courts of law or chancery, and to all suits for the recovery of any debt due to the State, * * * to all actions for penalties and forfeitures." Section 7 allows the amendment to be made where the judgment may be rendered or by the court to which it is taken. Under these liberal provisions of the statute the defect in the judgment constitutes no ground for reversal, but this court has power to amend the judgment so that it will

show a recovery on behalf of the People of the State of Illinois.

It is next claimed in the argument that until an interlocutory decree had been entered by the superior court finding that there was in fact a partnership between Armstrong and Southworth, it should not have directed Southworth to produce his books and papers, or answer any questions as to the disposal of the money received by him, or produce his bank book and checks; that until such interlocutory decree was entered the court should not have allowed the master to enter upon an accounting between two men, one of whom alleged he was and the other of whom denied that he was a partner. In support of this position we have been referred to *Moss* v. *McCall*, 75 Ill. 190, *Koon* v. *Hollingsworth*, 97 id. 52, *Mosier* v. *Norton*, 83 id. 519, and other like cases. Those cases do not sustain the position of appellant. They merely hold that where the litigation involves a complicated account between the parties, running for a number of years, consisting of various items, the case should be referred to the master to state the account under such directions as the court may think proper, and that it is error for the court to hear and determine the case without a reference to the master. No satisfactory reason occurs to us why, in a case of this character, the court should first determine the question of partnership. If that question has to be determined in the first instance and then go to the master on an accounting, and then, upon the coming in of the evidence on the accounting, it is declared that the funds sought to be reached are in the hands of others who have to be made parties, the result will be no less than three trials before a final result is reached. Such a practice would result in delay and unnecessary expense, and in the end result in no benefit to the parties. *Hottenstein* v. *Conrad*, 9 Kan. 435, is a case in point. It was there held that an interlocutory decree establishing a partnership was not necessary before a reference to the

master to take the evidence on the issues presented by the pleadings.

It is also claimed by appellant that under the facts set out in the bill the court had no jurisdiction of the subject matter, there being a remedy at law. It may be conceded that where two parties engaged in a single adventure in which they were jointly interested, the transaction does not constitute the parties partners so as to oust a court of law of jurisdiction, as was properly held in *Gottschalk* v. *Smith*, 156 Ill. 377. But here the transaction is not to be regarded as a single venture—it is something more. According to the case made by the bill these parties were employed as early as 1884, and their services extended from that date until the year 1898,—a period of over fourteen years. Suits were brought and prosecuted in New York and Chicago. The complainant in the bill and the defendant, Southworth, were to share in a certain amount of the profits resulting from the litigation, and it will be presumed that they were to bear the losses. This case, in principle, is similar to *Burgess* v. *Badger*, 124 Ill. 288, where the transaction was held to be a partnership. It is there said (p. 302): "By the agreement there was, clearly, that joint interest of the same nature in the particular venture which constituted the parties partners. (*Robbins* v. *Laswell*, 27 Ill. 365; Collyer on Partnership,—Perkins' ed.—secs. 18, 19; Parsons on Partnership, p. 41.) A communion of profit implies a communion of loss. (Collyer on Partnership, sec. 18, *supra*.) Of course, this may be otherwise provided by contract, but in the absence of contract this is the rule. (Parsons on Partnership, p. 41, *supra*.) And hence it will follow, there being no stipulation in regard to the payment of costs and expenses, that they are to be paid by the firm, and so their amount must necessarily be deducted from the gross amount of fees received before there can be anything to divide between the partners." (See, also, 1 Lindley on Partnership,—2d ed.—49.) More-

over, it is alleged in the bill that Southworth is insolvent, and that he has placed the fund received by him in the hands of third parties in order to prevent its recovery. Application was made for a receiver. Under the facts set up in the bill we think it is clear that a court of equity had jurisdiction.

The judgment will be amended as indicated in the first part of this opinion, and as amended it will be affirmed.

*Judgment affirmed.*