## Jacob Carstens, Appellee, v. William C. Reinecke, Appellant.

1. ACCOUNT, § 40*—*when cause should be referred to master to take evidence and state account.* On a bill for an accounting, particularly when the transactions cover a number of years and involve charges, accounts, loans, accruing interest and payments, the court should first settle the rights of the parties to an accounting as well as the basis of the same, and should then refer the cause to a master in chancery to take evidence and state an account, leaving such of the parties as are dissatisfied to file objections to such report before the master, and have them heard and disposed of by him, and, if still dissatisfied, to except to his report in the Circuit Court.

2. ACCOUNT, § 39*—*what are requisites of reference to master to take evidence and state account.* In case of an involved and intricate accounting, a reference to a master in chancery to take evidence and state an account requires more than a statement of what the respective parties claim; it includes a finding of what the rights of the parties are and what either of them is entitled to receive from the other.

Appeal from the Circuit Court of Greene county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded with directions. Opinion filed October 22, 1918.

SUMNER & REARDON and THOMAS HENSHAW, for appellant.

F. A. WHITESIDE, FRED A. DUHADWAY and W. J. CHAPMAN, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is a bill filed by appellee for an accounting. Appellant answered the bill. So far as we have been able to discover, the question was never raised in the Circuit Court whether the facts on which this bill was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

based were such as to warrant the filing of a bill for an accounting, and as to that question we express no opinion.

After issue was joined the court referred the case to the master in chancery to take and report the evidence without his conclusions either of law or fact, and that was done. Later the court directed the master to file a detailed statement of the claims of the respective parties but still reserved the determination of all questions for the court. The master then took and reported the evidence without any conclusions either of law or of fact, and the court thereafter made its findings and entered its decree. From that decree this appeal has been perfected, and has been presented to this court. The abstract of record contains nearly 300 pages, composed almost entirely of accounts in various shapes, many of which are from ten cents to one dollar in amount, also includes loans and payments in large sums, and we are asked by this appeal to go through this mass of figures and state an account between these parties. It is evident that the duties of this court have been misconceived. On a bill for an accounting, particularly when the transactions cover a number of years and involve charges, accounts, loans, accruing interest and payments, the court should first settle the rights of the parties to an accounting as well as the basis of the same, and should then refer the cause to a master in chancery to take evidence and state an account, leaving such of the parties as are dissatisfied to file objections to such report before the master, and have them heard and disposed of by him, and, if still dissatisfied, to except to his report in the Circuit Court. In that way the contested matters can be placed before the trial court, and later, if necessary, before a court of review in a concrete form so that the same may be disposed of understandingly. It is error for a court to hear such a case without a reference to a master to take the evidence and state the account.

That sort of a reference requires more than a statement of what the respective parties claim. It includes a finding of what the rights of the parties are and what either of them is entitled to receive from the other. *Moss v. McCall*, 75 Ill. 190; *Mosier v. Norton*, 83 Ill. 519; *Moffett v. Hanner*, 154 Ill. 649; *Garlick v. Mutual Loan & Building Ass'n*, 129 Ill. App. 402.

The decree is reversed and the cause is remanded to the trial court with directions to refer this cause to the master in chancery to state an account between these parties.

*Reversed and remanded with directions.*