## M. E. Harris et al., Appellants, v. Doit Young and Casey National Bank of Casey, Illinois, Appellees.

1. PARTNERSHIP, § 194*—*when partner has preferred claim on partnership property.* The interest of a partner in partnership property is only his share which remains after the debts of the firm are paid, and, if one partner has paid more than his share of the partnership debts, he has a claim upon the partnership property which, in equity, is paramount to the claims of the separate creditors of the copartners.

2. PARTNERSHIP, § 207*—*when partnership claims do not take precedence over prior lien.* Where property of a partner was subject to a certain lien prior to the formation of the partnership, the formation thereof would not give the partnership claims precedence over the prior lien.

3. ACCOUNT, § 40*—*what is proper practice in suit for accounting.* In a suit for an accounting, the proper practice is for the trial court to first determine the question of whether or not the parties are required to account, and, if they are, to then refer the cause to a master in chancery to state the account, and not to refer the cause to the master to take the evidence and report the same together with his conclusions of fact.

4. ACCOUNT, § 55*—*when reference to master to take evidence will not be reversible error.* A suit for an accounting *held* not so complicated as to make the action of the trial court, in referring the cause to a master in chancery to take the evidence and report the same together with his conclusions of fact, reversible error.

5. ACCOUNT, § 39*—*impropriety of subsequent appearance by special master in chancery, to whom suit is referred, as solicitor for party.* The special master in chancery to whom a suit for an accounting is referred for the purpose of his taking the evidence and reporting the same together with his conclusions of fact should not subsequently appear in the suit as a solicitor for one of the parties; such a course of practice is harmful and tends to bring courts into disrepute.

Appeal from the Circuit Court of Clark county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 9, 1919. Rehearing denied October 14, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

EVERETT CONNELLY, for appellants.

SAMUEL M. SCHOLFIELD and JOHN J. ARNEY, for appellees.

MR. JUSTICE WAGGONER delivered the opinion of the court.

The appellants, M. E. Harris, J. G. Ewing and C. S. Ewing, filed a bill, and afterwards an amended bill, of complaint against appellee, Doit Young, for an accounting.

The bill charges that on or about April 12, 1910, the appellants and Doit Young were engaged in operating and producing oil and gas under the name of the Monarch Oil Company on twenty-four acres of leased land in Crawford county, Illinois; that their interests were as follows: M. E. Harris, one-eighth, C. S. and J. G. Ewing, five-eighths and Doit Young, two-eighths; that the parties developed the premises until on or about January 12, 1912, when appellants sold their interests; that during this time oil was produced, sold and the proceeds divided among the parties; that it was necessary in developing the premises to pay out large sums of money for work and materials, and it was agreed that each party should pay his share of the expense; that Doit Young failed to pay, and the prayer of the bill is for an accounting.

An answer was filed by Doit Young, in which he denied that he was engaged, with the appellants, in operating and producing oil and gas under the name of the Monarch Oil Company on the land in question, and denied the other allegations of the bill. The answer avers that the Monarch Oil Company was a partnership consisting of the appellants and K. Queen, now deceased, and was operating for oil and gas on the leased premises in question; that the appellee, Doit Young, is cashier of the Casey National Bank, and that K. Queen, in his lifetime, was indebted to

such bank in the sum of $2,500, and to the First National Bank of Shelburn, Indiana, in the sum of $1,200; and that at the time K. Queen purchased an interest in said lease, in order to secure the indebtedness to the Casey National Bank and the First National Bank of Shelburn, Indiana, he (K. Queen) had his interest deeded to Doit Young to hold it as security for such indebtedness.

Appellants filed a further amendment, to their amended bill, alleging that they had been informed, since the filing of their amended bill, that Doit Young held and is now holding said two-eighths interest as trustee for K. Queen; that the conveyance to Doit Young was made for the purpose of securing an indebtedness to the Casey National Bank of $2,500 and to the First National Bank of Shelburn, Indiana, for $1,200 from K. Queen; that K. Queen was a resident of Sullivan, Indiana, where he died, intestate, July 21, 1913, leaving A. B. Queen, his wife, and Edith Thompson and Margaret Queen, his two children, all residing at Sullivan, Indiana. The widow, children and the two banks were made parties defendants.

A guardian *ad litem* was appointed for Margaret Queen and an answer was filed by him. Replications were filed and the cause was referred to John J. Arney, as a special master in chancery, to take the evidence and report the same together with his conclusions of facts.

The lease was owned by the J. S. Nay Oil and Gas Company, a corporation, and was sold under an order of the United States District Court, for the Eastern Division of Illinois, in a bankruptcy proceedings against that company. It was purchased, at the sale, by W. W. Schuler for $5,500, and assigned to him on December 27, 1909. On January 24, 1910, W. W. Schuler assigned a one-half interest to Doit Young for $4,678.98. Doit Young, on March 16, 1910, assigned for $2,400 one-eighth thereof to J. G. Ewing and one-

eighth to C. S. Ewing. W. W. Schuler assigned a one-eighth interest to M. E. Harris for $1,169.75 under date of March 11, 1910, and assigned a three-eighths interest to J. G. and C. S. Ewing, for a stated consideration of $1.00, on April 12, 1910.

Doit Young, on December 31, 1909, signed a declaration of trust certifying that he had received from W. W. Schuler an assignment of two-eighths interest in the lease, and that the same is held in trust for K. Queen as security for the payment of any and all notes given by him to the Casey National Bank, or any overdraft or account in said bank, and on payment of all such notes or overdrafts, Doit Young agrees to assign to K. Queen said interest.

The appellants claim that they expended $6,041.20 in developing the lease; that C. S. Ewing paid $2,966.02, J. G. Ewing paid $1,408.69, M. E. Harris paid $1,655.50, and that K. Queen's share should have paid $1,510.30. In other words, C. S. Ewing paid $1,078.14 more than his share, and M. E. Harris paid $911.35 more than his share, while J. G. Ewing paid $479.19 less than his share, and K. Queen owes $1,510.30.

The court found that K. Queen was indebted to the Casey National Bank in the sum of $3,833.08, and that he was indebted to the appellants in the sum of $1,510.30. It was ordered, by the court, that the Casey National Bank be given a first lien on said two-eighths interest owned by K. Queen, and that the appellants be given a lien on said two-eighths interest subject to the lien of the bank. The appellants claim that they were entitled to a first lien and that the lien in favor of the bank should have been made subject thereto.

The appellants invoke the principle of the law of partnership, that the interest of a partner in partnership property is only his share which remains after the debts of the firm are paid; and if one partner has

paid more than his share of the partnership debts, he has a claim upon the partnership property which, in equity, is paramount to the claims of the separate creditors of the copartners. *Alkire v. Kahle,* 123 Ill. 496 (503); *Sindelare v. Walker,* 137 Ill. 43 (45); *Morrison v. Austin State Bank,* 213 Ill. 472 (480). The principle invoked by appellants is a correct rule of law, but has no application to the facts in this case. Under the evidence it cannot be claimed that there was a partnership, among the parties concerned in this suit, prior to April 12, 1910. The interest of K. Queen, which was held in trust by Doit Young to secure the debt owed by him to the Casey National Bank, was conveyed to Doit Young on January 24, 1910. This was more than two months before the partnership would have been formed under the most favorable construction of the evidence that we can accord appellants. This interest was therefore subject to the lien of the Casey National Bank long prior to the formation of the partnership and the subsequent formation of the partnership would not give the partnership claims precedence over the prior lien of the Casey National Bank. *Hurlbut v. Johnson,* 74 Ill. 64. It is therefore unnecessary to decide whether the partnership property included the leasehold interest.

The trial court should have followed the practice approved in *Ligare v. Peacock,* 109 Ill. 94 (96-7), and first determined the question of whether or not the parties were required to account, and, if so, then refer the cause to a master in chancery to state the account. *Rhodes v. Ashurst,* 176 Ill. 351 (354); *Moffett v. Hanner,* 154 Ill. 649 (655); *Barnes v. Barnes,* 282 Ill. 593 (595). But this case is not so complicated as to make it reversible error to proceed as the trial court did. *Southworth v. People,* 183 Ill. 621 (624).

We note, with disapproval, that the special master in chancery to whom this cause was referred, and who made a report of the evidence together with his con-

494    APPELLATE COURTS OF ILLINOIS.

Cent. Ill. Public Serv. Co. v. City of Sullivan, 215 Ill. App. 494.

clusions on the facts, is appearing as one of the solicitors for the appellees. Such a course of practice is harmful and tends to bring courts into disrepute.

The decree of the circuit court should be and is affirmed.

*Decree affirmed.*