Barney Lager et al., Appellants, v. J. Palmer Rea, Appellee.

Term No. 51–M–10.

Opinion filed September 28, 1951. Rehearing denied October 22, 1951. Released for publication October 31, 1951.

LEWIS & LEWIS, and EVERETT LEWIS, of Benton, for appellants.

MARION M. HART, of Benton, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

This suit in chancery was filed in September 1948, by nine taxpayers of the Town of Browning, Franklin county, in behalf of themselves and other taxpayers, against the defendant, J. Palmer Rea, supervisor of said town since April 1933. The essential averments were that the defendant, as treasurer of the town fund, ex-officio treasurer of the road and bridge fund, and overseer of poor, had mixed and mingled the three funds with each other and with his own funds, had converted large sums of money from said public funds to his own use, had failed to account for funds received, had paid out town funds to persons having no legal claim, without approval of the board of town auditors and without an order from the clerk, had not kept a just and true account of the town fund, had kept no record of the road and bridge fund (or the same was lost or destroyed), that records of the relief fund were lost or destroyed, and that defendant had not made and filed reports required by law. The prayer was for an accounting and general relief.

Defendant's answer admitted his official capacity since 1933 and that he had officially received large sums of money, but denied all the material averments above mentioned.

After hearing evidence that plaintiffs were taxpayers, the court overruled defendant's objections that taxpayers had no right to demand an accounting, and referred the cause to a master in chancery with directions to take proof and report the same with his conclusions.

The master heard the evidence and considered it with reference to the allegations in the pleadings. Most of his findings were against the plaintiffs. Among other things he found that there had been no mingling of the three funds, nor mingling with defendant's funds, that defendant had not converted public funds to his own use, that accounts had been kept by defendant and were available, that no records or accounts had been lost, concealed or destroyed, and that defendant had not failed or refused to give information as to his accounts; but the master stated no account as he had not been directed to do so, therefore he did not find the accounts correct, except that the town fund had been regularly audited by the board of town auditors.

There were some findings against defendant as to certain irregularities. It was found that defendant had not filed reports with certain offices as required by law, but that he had annually advised the town clerk as to the financial affairs of the town, and had annually published a report of the town fund. It was also found that some unspecified payments were made without prior approval of the board.

Exceptions to the master's report were overruled, and a decree entered that the accounting requested be denied, dismissing the complaint for want of equity, and apportioning the costs with the larger portion taxed against plaintiffs. Plaintiffs then brought this appeal.

 We do not pass upon the sufficiency of the complaint in form or substance, except as to the capacity of taxpayers to bring the suit. In some jurisdictions, suits for accounting against officials who handle public funds must be brought by a public officer. In Illinois it is the rule that taxpayers have a sufficient interest in public funds so that equity will intervene in their behalf to prevent an unauthorized act or to redress the

441

wrong. *Jones v. O'Connell*, 266 Ill. 443; *Hays v. Martin*, 240 Ill. App. 340.

■ As a general rule, taxpayers' suits are subject to the same requirements as other suits, with respect to pleading, practice and burden of proof. 52 Am. Jur. "Taxpayers' Actions" sec. 37.

Apparently the original theory of the plaintiffs was that they need only prove they were taxpayers, and thereupon the defendant would be hailed into court with the requirement that an account be stated covering the period of some 15 years defendant had held office. Obviously, such a rule would entail an intolerable burden upon fiscal officers, and would give any disgruntled taxpayer the right to demand laborious and expensive proceedings in court without any reasonable cause.

■■ The party demanding an accounting is not required to plead or prove the precise amount due from defendant, or other data which may be only within defendant's knowledge, but plaintiff must prove the essential averments, such as a wrongful diversion or conversion of funds. In other words, plaintiff has the burden of proving the right to an accounting. *Hickey v. Hickey*, 371 Ill. 476; 1 C. J. S. sec. 39, p. 677.

As to the evidence, appellants present three points: 1. Failure to Account or File Reports; 2. Failure to Keep Records; 3. Conversion of Funds.

■ There was evidence that defendant had not always filed a financial statement of the affairs of the town with the town clerk, nor an itemized statement with the county treasurer, nor a report of paupers on relief with the town board and highway officials, etc. Various statutory provisions require such reports and provide for penalties for noncompliance. Evidence for defendant indicated that he reported his poor relief disbursements to the department of public welfare, but discontinued local reports when told by the officials

they would not employ paupers anyway. Annually before the levy, he discussed the town's finances with the town clerk. Also, he published an annual statement of the town accounts in a newspaper, and arranged with the publisher to send copies to the various officials. Whether they were received by the proper officers is not clear. His accounts were audited regularly by the board of town auditors. The evidence discloses no wilful concealment or fraudulent intent. In our opinion, for any technical violations of regulatory statutes, there is a complete and adequate remedy at law and this part of the evidence does not justify an accounting suit.

The defendant produced his books in court, and an accountant who offered to testify as to his examination and findings therefrom. Upon objection by plaintiffs, this offer of proof was rejected. It also appeared that the town clerk would issue orders to various persons which were sometimes transferred by the payee. When presented to defendant for payment, his book entry would show to whom payment was made and for what, but he kept no separate record of orders as such. He confessed he could not go back over the fifteen or more years and produce all the cancelled orders. As to any apparent discrepancies which were called to his attention, he made an adequate explanation, either by producing witnesses, or by reference to documents in evidence as plaintiffs' exhibits.

The defendant indicated some feeling that plaintiffs were harassing him for political purposes. He declined at all times to surrender his books to plaintiffs for examination, but he and his counsel stated before the master, that the books were there for examination by the master, and also that plaintiffs' counsel could examine them. Apparently plaintiffs' counsel did not choose to avail himself of this offer.

█ Since the master did not state an account, he declined to find that defendant's books were correct, but he did find that defendant had kept in a book provided for that purpose an account of receipts and disbursements, that records had not been concealed, lost or destroyed, and that defendant had not failed or refused to give information relative to his accounts. The chancellor has approved these findings and we perceive no basis for a contrary ruling.

█ As to mingling of funds, it was shown in evidence that on one occasion defendant had deposited in the relief fund a check for $379.05 which belonged in the road and bridge fund. The defendant testified this check had been entered at the bank in the wrong account but was correctly shown on his books, so that the error was soon discovered and rectified by transfer of that amount at the bank to the road and bridge fund. No other evidence of mingling of funds was offered and this averment remains wholly unproved.

█ When defendant first took office the town was in debt about $47,000, represented by judgments and outstanding orders issued before defendant took office. In the course of time he paid off the entire debt. It was claimed by plaintiffs that he did so without authority from the town board. Defendant produced the minutes of a board meeting in 1937 at which he was authorized by unanimous vote to buy up outstanding judgments and orders as he saw fit. Since the board regularly audited his accounts the board was necessarily apprised of progress made in this respect.

█ In a similar manner, all alleged irregularities called to the master's attention were explained by defendant with adequate proof. Now on this appeal the appellants point to other transactions in bank records, etc., which they claim show wrong-doing, and assert should be regarded by this court as conversion of funds. These items were not called to the attention of

the master nor the chancellor and defendant was given no opportunity to meet these assertions raised for the first time on this appeal. It so happens that, as to most of these items, appellee's counsel was able to point to documents in evidence as plaintiffs' exhibits which indicate the charges of wrong-doing are baseless. Aside from this we do not approve presenting such claims for the first time on appeal, thereby depriving defendant of an opportunity to present his complete defense, and depriving the trial court of any chance to pass upon such claims. For this reason we adhere to the usual rule that points not presented in the trial in time for a defense to be made, will not be considered when presented for the first time on appeal. 4 C. J. S. Appeal and Error § 243; *Wise v. Potomac Nat. Bank,* 393 Ill. 357, 365.

 Among the items thus presented to this court are some concerning defendant's commissions. It appears that he included some funds not subject to such charges. The aggregate is $626 for the whole period, and counsel for appellee concedes his client was in error to this extent. Of course, he was not given a chance to correct his mistake. In addition to the reasons already given, there is an adequate remedy at law for the recovery of such excess charges.

 In our opinion the evidence does not support the charges of the complaint and plaintiffs have no right to an accounting on this record. Also, the chancellor's apportionment of costs was reasonable. Accordingly the decree is affirmed.

*Decree affirmed.*

CULBERTSON, P. J. and BARDENS, J., concur.