## George C. Derkers, Appellant, v. Vaughan Company, Incorporated, Appellee.

### Gen. No. 45,660.

Opinion filed November 25, 1952. Released for publication December 16, 1952.

RANSOM & RANSOM, of Oak Park, for appellant; ROBERT C. RANSOM, of Oak Park, of counsel.

ALLEN E. HOBAN & McKINLEY, PRICE & APPLEMAN, of Chicago, for appellee; ALLEN E. HOBAN and PAUL E. PRICE, both of Chicago, of counsel.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a decree overruling exceptions to the master's report and dismissing the complaint for an accounting. Defendant is in the business of making and selling the "Jim Vaughan" Electric Meat, Fish and Bone Cutter and the parts and supplies used on that machine. On March 31, 1937 plaintiff was employed by defendant as its exclusive sales agent for Greater Chicago, except that defendant reserved the right to sell direct, without paying plaintiff any commissions, to chain store headquarters, to the Government, to Chicago purchasers who bought for other territories, and, in case plaintiff was neglecting his promise to devote his entire energies and efforts to defendant's best interests, to mail order buyers. For almost thirteen years plaintiff continued in defendant's employ, selling approximately 600 machines during that time, on which he was paid commission. On February 15, 1950, the contract was terminated and plaintiff filed suit against defendant. The complaint charges that defendant had sold over 400 machines and a large number of parts in plaintiff's territory without paying commissions thereon to plaintiff, in violation of the employment contract. Plaintiff asked for an accounting in equity, stating that defendant refused to disclose to him the facts concerning defendant's total sales in plaintiff's territory. Defendant's answer denied the charges.

The case was referred to a master on the question of plaintiff's right to an accounting. The master, after hearing evidence and argument, concluded that

plaintiff "failed to prove by a preponderance of the evidence that he is entitled to an accounting." The master's report was approved by the trial court, and the suit was then dismissed for want of equity.

 Plaintiff in a suit for an accounting has the burden of proving his right to the desired accounting. *Hickey v. Hickey,* 371 Ill. 476; *Lager v. Rea,* 344 Ill. App. 438. Mere allegation of a good cause of action in the pleadings does not automatically give plaintiff the right to a full-dress accounting. Particularly is this true where, as in this case, plaintiff estimates that 8,000 or more sales receipts would have to be studied. There are cases in which the accounting is not complicated and may be had simultaneously with the determination of plaintiff's right to an accounting. In such cases, one trial and one appeal is desirable. Even so, the preliminary question which must always be answered in any suit demanding an accounting is whether or not plaintiff has established his right thereto. *Massachusetts Bonding Co. v. Standard Trust & Savings Bank,* 334 Ill. 494; *Kenealy v. Glos,* 241 Ill. 15; *Southworth v. People ex rel. Armstrong,* 183 Ill. 621; *Harris v. Young,* 215 Ill. App. 489; *Carstens v. Reinecke,* 212 Ill. App. 555. In deciding this question, the master's findings of fact when approved, as here, by the chancellor will not be disturbed unless against the manifest weight of the evidence. *Schnoor v. Terlep,* 399 Ill. 101.

Plaintiff insists that the testimony and exhibits presented before the master prove that defendant made sales on which commissions should have been paid plaintiff, without paying such commissions, and that defendant refused to give plaintiff access to defendant's books and records, so that plaintiff was unable to get a fair accounting. Plaintiff introduced a few exhibits showing sales by defendant to customers with-

in plaintiff's territory on which he had not been paid commissions, but defendant's president testified that these sales were either cancelled or else made, without plaintiff's assistance, to firms acting as jobbers for the Government, so that plaintiff was not entitled to commissions under the terms of his contract. The master believed defendant's witness, and the court approved his report.

Plaintiff claims that he was denied access to defendant's books. His case rests on his testimony that he received no final formal accounting and that his requests to inspect defendant's books were denied. Against plaintiff's statements on this point are the statements of defendant's witness that plaintiff was at all times given information he requested and that he received regular statements of commissions due him, about which he never complained; that he had frequent meetings with defendant's officers, in which differences were amicably settled, and that plaintiff at least twice had been allowed to look through defendant's list of users in the Chicago area.

██ Plaintiff filed an abstract of all the pleadings, but did not abstract any part of the testimony, this notwithstanding that issues of fact were involved. References were made in his brief directly to the record. Defendant filed an additional abstract of record containing the testimony which it considered favorable to itself. It would be unfair to the opposing party for us to examine the record and on our own account undertake to find a basis therein for reversal, despite the fact that plaintiff failed to comply with the rules of this court. We have examined the facts sufficiently to be assured that on the question of plaintiff's right to an accounting there was a genuine and serious issue of fact involved. Indeed, the many references made by plaintiff to the record so indicate. Under these circumstances, the court cannot overlook the failure on the

part of plaintiff to abstract the testimony bearing upon these issues.

*Judgment affirmed.*

ROBSON, P. J. and TUOHY, J., concur.