Edna Fink, Appellee, v. Benjamin I. Simpson et al., Defendants.
Appeal of Jessie Eisenberg, Appellant.

Gen. No. 46,326.

Opinion filed November 24, 1954. Released for publication December 16, 1954.

JOSEPH V. MURPHY, of Chicago, for appellant; STEPHEN J. SULLIVAN, of Chicago, of counsel.

BERNARD ALLEN FRIED, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This appeal by defendant is from a declaratory judgment, pursuant to the provisions of ch. 110, par. 181.1, § 57½, Ill. Rev. Stats. 1953 [Jones Ill. Stats. Ann. 104.057(1)]. The decree in substance removes from the property of plaintiff a 25-foot building line restriction appearing on a recorded plat.

The complaint and answer were referred to a master for hearing. The master heard the evidence, made his findings of fact and conclusions of law, and recommended the entry of a decree to remove the restriction. Objections were filed by defendant to the master's re-

port, which were allowed to stand as exceptions. Upon a hearing before the chancellor the exceptions to the report were overruled and the decree entered, sustaining the master's findings and conclusions.

The complaint, as amended, alleges in substance that plaintiff is the owner of lots 8 and 9 in block 2 in a subdivision in Chicago, which lots front on the south side of 67th Street between Crandon Avenue on the west and Oglesby Avenue on the east; that defendant Eisenberg is the owner of lot 7 in said block and defendants Simpson and Gustafson own lots 1 to 6, both inclusive; that said nine lots occupy the entire block; that lots 1 and 9 are corner lots, each 67 feet wide and 150 feet deep; that the remaining lots are 30 feet wide and 150 feet deep; that said subdivision was platted in 1892 when 67th Street was a residential street designed for one-family dwellings; and that to maintain uniformity of the parkway a 25-foot building line was drawn on the plat of said subdivision at the time it was recorded on October 10, 1892.

It is further alleged that in the intervening years the character of 67th Street and its immediate vicinity has rapidly changed, so that the block is surrounded by huge multi-dwelling apartment houses and commercial property, all built up to the sidewalk without any reference to any building restriction line; that 67th Street is now a streetcar line, and that property values have increased many hundredfold since the subdivision plat was recorded; that defendants have refused to accede to a removal of the restriction referred to; that no buildings or improvements have been erected on any of the lots in said block, and have remained vacant and unimproved; that the building line restriction is inconsistent and out of character with the present development of the vicinity; and that the present taxable

471

value of the lots and the taxes assessed against them make the erection of a single-family dwelling financially prohibitive and create an unjust and inequitable burden upon said property.

It is further alleged that the recorded plat shows the Lake Shore and Jackson Park Land Association as the owner; that said association was never in title to the real estate and never had any legal right to create such restriction; and that said restriction is not imposed by any restrictive covenant in a deed or agreement, but appears merely as a line drawn upon said plat and is therefore invalid as a restriction.

Upon the evidence heard by the master, he found that plaintiff owns the two lots in question; that they front on 67th Street across from Jackson Park in Chicago; that the neighborhood of the property involved is improved with large multi-dwelling buildings, and with one or two exceptions they are built to the lot lines; and that the retention of the restriction injures the property rights of plaintiff and makes it impractical and unfeasible to erect a building consistent with the present land value of the property, which would comply with the building ordinance of Chicago that requires a parking area within the 25-foot building restriction line. He recommended that a declaratory judgment be entered, removing the building line restriction and enjoining the defendants from maintaining any action based on plaintiff's effort to erect any improvement on the property.

Upon a former appeal to this court (*Fink v. Simpson*, 349 Ill. App. 243), it was held that the complaint stated a cause of action for a declaratory judgment and directed the trial court to require an answer. Having held the complaint sufficient, the only question remaining for us to determine is whether there is any sub-

472

stantial proof to support the averments in the complaint.

Defendant urges there is no proof of ownership of the lots by plaintiff, as alleged in the complaint. The master found from the evidence that plaintiff is the owner. No objection to that finding was filed by defendant nor was any exception preserved to that finding and raised before the chancellor. It is raised for the first time upon this appeal. Had the defendant raised the objection before the master, it would have afforded plaintiff an opportunity to supply, if necessary, any deficiency in the proof as to ownership. Under such circumstances the question cannot be raised for the first time upon appeal. *Lager v. Rea,* 344 Ill. App. 438, 444; *Blanchard v. Lewis,* 414 Ill. 515, 521; *People ex rel. Nelson v. Runyard,* 364 Ill. 256.

Upon a review of the evidence, we are satisfied that the master's findings and conclusions, approved by the chancellor, are not against the manifest weight of the evidence. *McGlaughlin v. Pickerel,* 381 Ill. 574, 582; *Bydalek v. Bydalek,* 396 Ill. 65, 68; *Newman v. Youngblood,* 394 Ill. 617, 625.

We deem it unnecessary to consider the contention that the 25-foot building line appearing on the plat is invalid as a restriction, on the ground it is not a restrictive covenant in a deed or agreement.

The decree of the circuit court is correct and is affirmed.

*Affirmed.*

KILEY, P. J. and LEWE, J., concur.